JAMES C. WARREN *v.* STEPHEN E. WOODARD.

The lien of a laborer, who commenced work in January, 1873, attaching by virtue of the provisions of the Act of 1868–'69, chap. 206, sec. 9, is not divested in favor of the lien created by the Act of 1872–'73, chap. 133, sec. 1, ratified 1st March, 1873, as that would be impairing a vested right, as well as the obligation of a contract.

CONTROVERSY, submitted without action, to *Albertson, J.,* at Fall Term, 1873, of the Superior Court of CHOWAN county.

The facts, as agreed, are :

The plaintiff, Warren, rented his farm for the year 1873, to one Small, for $1,500. On the 1st of March of that year, Small executed to plaintiff a trust deed, on account of money and supplies contracted to be advanced for $    , conveying in said deed his crops to be raised on said farm during the year. On the 4th of July, 1873, Small executed to Warren another trust deed, to secure payment of rent and further advances, and in that deed conveyed his crops on said farm.

The plaintiff has already received more than sufficient to pay to pay the rent, but not enough to discharge both trusts; and claims the balance of the crops on hand, which was raised on said farm, under the said deeds.

Small, the lessee, on the 1st of January, 1873, contracted with the defendant, Woodard, for his services in making the

crop, agreeing to pay him $275. Woodard commenced work the 11th of January, and continued during the entire year. He filed his lien in the Superior Court Clerk's office, but subsequent to the registration of the trust herein before mentioned. Plaintiff knew all the time that the defendant was laboring on the farm.

Defendant claims the balance of the crop after paying rent, to be subject to his lien. Plaintiff claims that all the debts due from Small to him, and secured by the trusts, shall be paid in preference to the demand of the defendant.

The crop on hand is more than sufficient to pay the defendant, but not enough to pay him and plaintiff.

His Honor being of opinion that the defendant's lien was prior to the plaintiff's, give judgment in his favor; from this the plaintiff appealed.

No counsel in this Court for appellant.
*A. M. Moore,* contra.

RODMAN, J. We are of opinion, that upon the case agreed the defendant is entitled to judgment. Woodard commenced his work on the farm of the lessee, Small, in January, 1873, and duly filed a notice of his claim within thirty days after the termination of work under his contract, as required by the act of 1869–'70, ch. 206, sec. 9. The liens of the plaintiff which are in controversy are founded upon assignments to him to secure advances of money and supplies to the lessee made subsequently, viz: March and July, 1853.

Section 2 of the act cited, says : " The lien for work on crops or farms, or materials, given by this chapter, *shall be preferred to every other lien or encumbrance which attached upon the property subsequent to the time at which the work was commenced, or the materials were furnished."*

This section covers the question between the parties, and we consider that it is not qualified so as to affect the present case by any provisions of that or subsequent acts. Section 6 of

that act seems to relate only to conflicting claims between laborers or material men, and so does section 12, and they do not apply in this case.

The act of 1866–'67, ch. 1, sec. 1, says that persons making advances of money or supplies to persons engaged in the cultivation of the soil, shall be entitled to a lien on the crops made during the year, " *in preference to all other liens existing or otherwise to the extent of such advance or advances,*" provided the agreement be in writing and registered within thirty days after its date.

This act was qualified by the later act of 1869–70, above cited. The act of 1866–'67, was, however, re-enacted by the act of 1872 '73, ch. 133, sec. 1, ratified 1st of March, 1873. Thus re-enacted, it is apparently in direct conflict with the act of 1869–'70, which gives a priority to laborers, and ordinarily would be held to repeal it. We need not consider now what would be the operation of the re-enacted act upon the lien of a laborer who began to work after the act went into effect. In this case the work was begun by the defendant before the passage of the re-enacting act, and while the act of 1869–'70 was the undisputed law. By this act the defendant had an inchoate lien which was capable of being made perfect, and to relate back to January, 1873, and which was in fact perfected as required by the act, by filing a notice with the proper officer. It has not been contended that the Legislature could not give a lien by relation back to a time which may happen to be long before the filing of notice. Such a law may impose upon every one who advances money or supplies to a planter the burden of ascertaining by personal examination on the farm what laborers have worked on it thirty days before, and when they began work, and the amounts due to them, and also the value of any materials supplied within thirty days before, and whether they have been paid for. But if it impairs no vested rights, the question of its expediency is solely with the Legislature. In the present case, if the effect of the act of 1st of March, 1873, were to destroy the inchoate lien of the defendant, which

began by relation in January, 1873, and give a priority to the subsequent liens of the plaintiff, it would be unconstitutional, as impairing a vested right, and also as impairing the obligation of a contract; for under the law in force when the defendant's contract with Small was made, the contract was that the defendant should have a lien. A lien would have no value which the debtor might at any time destroy by incurring a subsequent debt to a stranger. We think the defendant has the prior lien, and judgment will be in his favor according to the case agreed.

PER CURIAM.    Judgment below affirmed, and judgment for defendant.