"A verbal agreement was made in January, 1872, between defendant, Wood, and his intestate, Miller, that his intestate, Miller, should cultivate his farm for that year. Defendant was to furnish the team; Miller to furnish labor and cultivate and house the crop, and deliver to defendant two-thirds of the crop made. It was agreed that Wood *Page 113 
should advance money to pay for labor, and that the crop should be bound for such advances.
In September of that year, the intestate conveyed to plaintiff his interest in the growing crop on defendant's land, to secure a debt of $75, which conveyance was duly registered. Intestate died the last of September, 1872, before any part of the crop was gathered, and defendant administered on his estate, and had the crop gathered and sold.
During the year, and before the execution of the trust to the plaintiff, the defendant, Wood, paid in money for labor employed in making the crop, the sum of $ ______, and expended in gathering his intestate's part of the crop, the further sum of $ ______. As soon as the crop was gathered and prepared for market, the defendant, Wood, caused his claim for advances to be filed as a lien in the proper office. The intestate's part of the crop sold for $ _______. The defendant expended money in securing the crop after the death of the intestate.
It was agree that this latter sum was to be re-paid to the defendant, before the plaintiff's claim. It was also agreed, that if his Honor was of opinion, that if the lien on the crop, filed by defendant, for money paid for labor, prevailed over the claim of the plaintiff, then judgment should be entered for $ _______; but if his Honor was of opinion, that the defendant, Wood, had no lien on the crop for those payments, then plaintiff was to have judgment for his full demand, $ ______."
Upon consideration, his Honor being of opinion with the plaintiff, gave judgment for his full demand; from which (127) judgment, defendant appealed.
That the judgment of the Court is correct.
1st. The intestate conveyed his interest in crop to plaintiff — the conveyance was recorded during his life — and has precedence over the account filed by defendant.
To create a lien for advances for agricultural purposes, Ch. 1, laws 1866-67, must be strictly followed.
2d. The debt for which defendant claims preference, was one due by intestate to Wood Hathaway. It was charged to defendant, and evidence by Hathaway to establish it was incompetent.
It appears from the case agreed that the whole object of this action is to determine the priority between the liens of the *Page 114 
plaintiff and defendant respectively, upon the crop raised by Miller. But for that agreement the question would not arise at all in the present case. The warrant claims a debt of $100 alleged to be owing to the plaintiff by Miller, and as it is admitted that Miller did owe the plaintiff $75, the plaintiff would be entitled to judgment against the defendant as administrator of Miller for that sum. No question of lien would arise, nor would the judgment fix the defendant with assets. Its whole effect would be to ascertain the debt. Disregarding, however, the irregular way in which the question is presented, we proceed to consider the question upon which the parties desire our judgment to be given.
The facts are these: Wood owned a farm. In January, 1872, it was verbally agreed between him and Miller, that Miller should cultivate the farm for that year, Wood furnishing the team, and Miller doing or furnishing the labor. The crop when gathered was to be divided, Wood receiving two-thirds and Miller one-third. (128) The case further says: "It was agreed that Wood should advance money to pay for labor, and that the crop should be bound for such advance." This agreement, it will be noticed, was not in writing, and of course was not registered. Assuming that in the absence of any statute avoiding it, the agreement would have had the effect to convey to Wood the interest of Miller in the expected crop as a security for the advances which Wood was to make, it is clear that it is avoided as against creditors and purchases for a valuable consideration from Miller, by Rev. Code, Ch. 37, Sec. 22. Neither is it directly made good by anything in the acts concerning liens of laborers and material men. The acts in existence at the date of the agreement between Miller and Wood (January, 1872,) were the acts of 1869-70, Ch. 206, and of 1866-67, Ch. 1, as qualified by that act. The act of the 1st of March, 1873, (acts 1872-73, Ch. 133,) re-enacting the act of 1866-67, had then no existence. If the claim of Wood was, that upon the parol agreement of January he advanced money to Miller upon the security of the expected crop, he would have no lien, because the agreement was not in writing as it is required to be, not only by Revised Code as cited, but by the act of 1866-67. The lien of the plaintiff which was good between the parties to the contract, viz: himself and Miller would thus be the only lien.
The case, however, is that Wood paid laborers on the farm to a sum which is left blank in the case agreed, before the plaintiff received the assignment from Miller under which he claims. It is contended for the defendant that the laborers had a lien, which by the payment of their claims by Wood passed in equity to him, and which, as against *Page 115 
the plaintiff was not lost by Wood's omission to file notices with the proper officer according to the act of 1869-70.
We hold that the laborers had an inchoate lien preferable to that of the plaintiff, which might have been perfected by filing notice, and would have related back to the commencement of their work. Warrenv. Woodard, post 382. But in that case it must be noticed, that the plaintiff made his advances while the defendant was doing work, and before the right to perfect the lien was lost. Whether (129) the laborers whom Wood paid were in a like condition, the case does not state. As no point was made upon that we assume that they were. Then we consider that their rights of lien passed to Wood upon the payments without an express assignment. Wood was substantially a surety for Miller to these claims. Although his contract with Miller that his advancements should be a lien on Miller's share of the crop, yet his agreement to make the advances was binding on him, and Miller might have recovered in case of a failure. Again, his share of the crop was equally liable with Miller's for the pay of the laborers, for which Miller was primarily bound. Under these circumstances he was by force of the contract bound to pay Miller's debt. The law is that if a surety pays a bond of his principal, for which there is no collateral security, the bond is thereby extinguished, unless he takes an assignment to a trustee. Sherwood v. Collier, 14 N.C. 380. But in equity it is held that if the creditor has taken a collateral security for the debt, the surety, on payment, is subrogated to the rights of the creditor in the security, without an express assignment. Smith v. McLeod,38 N.C. 390. In the present case, therefore, Wood is an equitable assignee of the rights to lien of the laborers. The only remaining question is whether the lien thus acquired, was lost by an omission to file a notice within the time required by the act of 1869-70.
We may admit that it would have been as against a person acquiring a right after the expiration of the prescribed time. But here the plaintiff acquired his right while the work was going on. A notice filed within thirty days after the termination of the work which would clearly have perfected the lien of the laborers against him, would not have availed him, and the omission of it, therefore, cannot concern him. The law requires that those who advance money or supplies after a work is begun, and within thirty days after its termination, shall inform themselves as they best may, of prior inchoate liens.
Judgment below reversed and judgment for defendant (130) according to the case agreed.
PER CURIAM. Judgment reversed.
Cited: Liles v. Rogers, 113 N.C. 200; Fidelity Co. v. Jordan, *Page 116 134 N.C. 240; Tripp v. Harris, 154 N.C. 298; White v. Riddle, 198 N.C. 514;Eason v. Dew, 244 N.C. 574.