S. BELCHER v. J. GRIMSLEY and others.

*Landlord and Tenant—Caveat Emptor.*

The statute gives a landlord the title to the crop until the rent is actually paid (whether the claim be reduced to judgment or not), and such title is not impaired by the fact that the tenant conveys the crop to a third person, who takes without notice of the landlord's claim. The rule *caveat emptor* applies.

(*Curtis* v. *Cash,* 84 N. C., 41, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of PITT Superior Court, before *Gilmer, J.*

The plaintiff complains of the conversion by the defendants of three bales of lint cotton, alleging the title and the right of possession to the same to have been in himself.

The case made by the evidence is as follows: The plaintiff, being the owner of a certain tract of land in Pitt county, rented so much thereof as would amount to a two-horse farm, to one

Butts, for the year 1879, upon the agreement that he was to have one-third of all the crops made thereon as rent—he further contracting to furnish the said Butts with such supplies as he might need during the year, the exact amount of which is not definitely stated; also, the use of an ox, and such tools as might be needed to make the crop, for all of which he was to pay a fair price.

In pursuance of this agreement, the plaintiff furnished his said tenant with supplies and other articles necessary to the cultivation of the crop, to the amount of one hundred and ninety-six dollars and some cents, and his share of the cotton raised amounted to five hundred and seventy-one pounds. After the crop matured and was picked, Butts, the tenant, carried the cotton, with the consent of the plaintiff, to a neighboring gin, where it was packed, and made ready for market. When in that condition the plaintiff gave his assent to his selling one bale, but no more. The cotton in dispute was carried from the gin to the store of the defendants in an adjoining county, and there sold to them without the consent or knowledge of the plaintiff, but without their having any notice of his claim to the same, or of its having been raised upon his land.

The three bales would average four hundred pounds each, and were worth eleven cents per pound. Butts has never paid the plaintiff the rents· due him, nor for the supplies furnished, though in an action which he brought against the plaintiff before. a justice of the peace, the latter pleaded the amount due to him for rent and supplies furnished, as a counterclaim, and recovered judgment therefor, which has never been satisfied.

Upon this state of facts the judge below intimated an opinion that the plaintiff could not recover, and in deference thereto he submitted to a nonsuit and appealed.

*Messrs. Peele & Maynard,* for plaintiff.
No counsel for defendants.

RUFFIN, J. The statute in express terms provides that when lands are rented, unless otherwise agreed between the parties, the crops raised shall at all times be deemed and held to be vested in the lessor, until the rents are paid, the stipulations on the part of the tenant all fulfilled, and the advancements made towards cultivating and securing the crop satisfied; and further, that the lessor shall be entitled to recover the possession of the crop, in an action of claim and delivery against the tenant, in case he shall remove it from the premises without his consent, or against any other person, who may get possession of and unlawfully withhold the same. Act 1876–'77, ch. 283.

As the case fails to disclose, and as we were not favored with an argument in this court for the defendants, we are at a loss to know certainly, upon what ground the judge below rested his decision. If, as we suppose may have been the case, it proceeded upon what was inadvertently said in *Curtis* v. *Cash*, 84 N. C., 41, about the effect of such an agreement in establishing the relationship of copartners between the parties, so as to give to each the absolute right to dispose of the property as to strangers, then, the responsibility for the error committed (and we are of opinion that there was error) rests with this court and not upon His Honor. As has been said by the Chief-Justice in *Day* v. *Stevens, ante*, 83, the remark there made, and which may have conduced to the error in this case, was not necessary to the decision rendered in that cause, and proceeded only from a desire to show that in every point of view, that could be possibly taken of the case, the plaintiff in that action was entitled to recover. It was not then, any more than now, the purpose of the court to limit the operation of the statute, which declares that a lessor of land shall not be deemed a partner of his lessee by reason of an agreement that he shall receive as rent a share in the profits of the business. Bat. Rev., ch. 64, § 3.

If on the other hand, as seems also possible, His Honor conceived, and so ruled, that because the plaintiff had reduced his claim for rents and supplies furnished, to a judgment against his

tenant individually, he had thereby lost his lien upon the crop raised, and his right to have the same in possession, we still think he was in error. Nothing short of an actual payment or a complete satisfaction of the lessor's demands, meets the words of the statute or will serve to determine his lien, or title.

Neither can the fact that the defendants had no notice of the plaintiff's claim at all impair it, in the absence of any suggestion of fraud on his part. It is a question of title, and the tenant could convey no better right to the property than he himself was possessed of. The principle of *caveat emptor* applies with full force to the case.

The conclusion of the court is that there is error in the ruling of the court below, which entitles the plaintiff to a *venire de novo*.

Error. *Venire de novo.*