## H. W. MONTAGUE v. A. T. MIAL.

### *Jurisdiction—Landlord and Tenant—Sub-Letting.*

1. The jurisdiction conferred upon justices of the peace to try civil actions, where the property in controversy does not exceed fifty dollars, is concurrent with that possessed by the superior court.

2. An action for damages for removing a crop is cognizable in the superior court. The special jurisdiction of justices of the peace under the landlord and tenant act (1876–77, ch. 283) does not extend to torts, but is confined to actions for enforcing contracts.

3. The landlord's right to the crop to secure payment of rent is not impaired by the sub-letting of his tenant. The sub-tenant's crop may thereby be subjected to a double lien, that of the landlord and that of his immediate lessor, but the lien of the landlord is paramount.

(*Belcher* v. *Grimsley*, 88 N. C.. 88, cited and approved.)

CIVIL ACTION tried at June Term, 1883, of WAKE Superior Court, before *Philips, J.*

Judgment for the plaintiff; appeal by the defendant.

*Mr. Armistead Jones,* for plaintiff.
*Mr. J. B. Batchelor,* for defendant.

SMITH, C. J.   Early in the year 1877, the plaintiff leased a tract of land belonging to him for the residue of the year to John Hinton, who contracted, as the rent therefor, to deliver to his lessor one thousand pounds of lint cotton.   The lessee, soon after, sub-let a portion of the premises for the same period to George W. Faribault, for a rent to be paid of five hundred pounds of cotton of the same kind.   In November, with the consent of Hinton and for the purpose of discharging his obligation, Faribault carried a lot of cotton from the rented land to the defendant's gin, where it was picked and packed, and put in a bale weighing five hundred and thirteen pounds, from which Hinton was to have enough to pay his rent.

MONTAGUE *v.* MIAL.

Subsequently, as the defendant testifies, and, for the purpose of passing on the ruling of the court brought up for review, we assume to be true, though it is denied by Faribault the defendant sold the bale and appropriated the proceeds to his own use in part payment of an indebtedness due him from Faribault, unconnected with the transaction.

The action is to recover the value of the cotton thus tortiously appropriated by the defendant, and, under instructions based upon the evidence, the jury found the several issues submitted to them in favor of the plaintiff, assessing his damages at $51.25, the value of the cotton.

The following propositions, maintained in the argument of the appellant's counsel, embody the subject matter of the exceptions presented in the record:

1. The superior court has no jurisdiction of the cause.

2. The defendant, not having participated in removing the crop from the land on which it was grown, is not liable to the plaintiff.

3. The lessor's lien under the statute adheres to crops cultivated by the lessee only, and does not extend to the crops of the sub-tenant.

These we proceed to consider, since either, if correct, disposes of the appeal.

I. Under the amended constitution (Art. IV, §27) authority is conferred upon the general assembly to give to justices of the peace jurisdiction of civil action "wherein the value of the property in controversy does not exceed fifty dollars." This jurisdiction is conferred concurrently with that possessed by the superior court by an act passed at the session held in 1876–'77, ch. 251.

The summary and expeditious remedy provided in the act enacted at the same session (ch. 283) for recovering a removed crop subject to an unsatisfied lien for rent or other claim growing out of the lease, and for the adjustment of a dispute which may have arisen between the parties in reference to their contract and

its fulfillment, enlarging the justice's jurisdiction to cases where the claim shall be two hundred dollars or less, evidently proceeds upon the idea of enforcing a contract and not the redressing of a tort committed; and in the latter case, it would come under the restrictions of the constitution. But the clear and unquestioned jurisdiction of the superior court to give compensation in damages, as is the purpose of the present action, remains unimpaired and in full force. The remedies, as far as they affect the justices, are cumulative and not in conflict. That the action will lie at the instance of a lessor who has the right of possession with an attaching lien against one who wrongfully converts the property, seems not to have been questioned and is assumed in the recent case of *Belcher* v. *Grimsley*, 88 N. C., 88.

II. The defendant's second contention is disposed of in what is said in reference to the preceding.

III. The statute in force when the contract of lease was entered into, and in this feature unchanged by the subsequent enactment, in explicit terms, declares, that "*all crops raised on said* (leased) *land*, shall be deemed and held to be vested in possession of the owner of the land or the lessor, &c., and not that *raised* by the labor of the lessee, until the rent for said land shall be paid, &c. If parcelled out to others, by sub-letting or otherwise, on terms consistent with the provisions of the lease, their crops are the lessee's crops for the purposes of securing the rent, and with the same rights and interest of the lessor in enforcing payment. The land and the crops to be grown cannot be freed from the conditions imposed by law, nor can the lessor's rights be abridged by any subordinate contracts of the lessee. He can pass no better estate, nor confer any superior rights to the use of the land, than he possesses himself. If it were otherwise, the sub-letting in parts might defeat the security given under the statute, and render it inoperative.

The sub-tenant's crop may be under a double lien, that of the owner of the land and that of his immediate lessor, but the former is paramount, and the rent due on the primary lease must be satisfied.

If Hinton assented to the diversion of the cotton to other uses, it would be relieved of his lien for rent, but the claims of the plaintiff to have his own rent paid would be wholly unaffected, and therefore his recovery unimpeded.

There is no error. The exceptions are overruled and the judgment affirmed.

No error.                                        Affirmed.