MATTHEW MOORE v. HENRY J. FAISON.

*Lessor and Lessee—Sublessee—Lien.*

1. When a lessee sublets a part of the farm he becomes lessor to his sublessee and is entitled to the same lien on his crop which the statute gives to a lessor.
2. The original lessor, *after his lessee has paid him in full*, has no lien *under the statute* on the crop of the sublessee for advances made by him to the sublessee.

(*Montague* v. *Mial*, 89 N. C., 137, cited and approved).

CIVIL ACTION, tried on appeal from the judgment of a justice of the peace, at November Term, 1886, of DUPLIN Superior Court, before *Clark, Judge.*

The plaintiff, as landlord, rented certain premises for farming purposes to one David Cameron, who subrented a part of the same to one John Newell.

The plaintiff made certain advances to subtenant Newell, without the request and not at the instance of the tenant Cameron.

The defendant made advances to Newell at the request of Cameron, who assumed and became responsible for the payment thereof; and for such advances Cameron seized (under claim and delivery before a justice of the peace) certain of the crop raised by subtenant Newell on said premises, and delivered the same to defendant in payment of said advances—the value of the crop being less than $50.

This action was brought by plaintiff to recover of defendant the sum of $33, due by subtenant Newell to the plaintiff for said advances.

It was in evidence that Cameron had paid to plaintiff the amount of rent and all advances, and had complied with all the stipulations contained in his lease. It was further in evidence that the property turned over to defendant was less in value than the advances made to subtenant Newell by the defendant, at the request of tenant Cameron.

Upon this state of facts the Court gave judgment against plaintiff for costs, and the plaintiff appealed.

*Mr. W. R. Allen*, for the plaintiff.
*Messrs. Ernest Haywood* and *H. E. Faison*, for the defendant.

SMITH, C. J., (after stating the facts). The statute of 1876–'77, in direct terms, vests in the landlord, who leases his land to a tenant, all the crop grown on the rented land in possession until the rent is paid, the other stipulations in the agreement fulfilled, or damages given instead, and until the lessor or his assignors " shall be paid for all advances made and expenses incurred in making and saving said crop." *The Code*, §1754. These statutory relations grow out of the contract of lease for the security of the landlord and in aid of the credit of his tenant when his necessities require such ad-

vances to enable him to make and harvest his crop, and thus assure to both the fruits of his labor   The lien given for supplies furnished grows out of the relation of the parties and is incident to that relation.   The statute does not take in advances made to laborers, or sublessees acting under a subordinate and subsequent letting from the lessee, who, so far as relates to the lessor, are but agencies employed by him in carrying out his own agreement, at least unless made with the privity and assent of the lessee.   In such case, practically the advances are to the lessee himself, and the statute affixes the lien.   But the crop, in whatever manner raised, as well when the sublessee, as such, cultivates the land, or it is cultivated by employees under the direct control of..the lessee, becomes subject to the statutory lien by force of the statute, his obligations to the landlord being primary and paramount to any subsequently created, as is decided in *Montague* v. *Mial*, 89 N C., 137.

In the present case, the plaintiff Moore made the advances for which the action is prosecuted, not to his own lessee, Cameron, but to the sublessee of Cameron, Newell, with whom the plaintiff has no contract relations, and this, not only without his request or at his instance, by which Cameron himself was supplying the wants of his own tenant, through the defendant Faison.  For the manner of furnishing is tantamount to its being done by Cameron himself, so far at least as concerns the plaintiff's asserted claim to a prior lien for his advances.  Cameron, for advances made to *his tenant*, would occupy towards him the relation of lessor with the rights incident to that relation, but it would be in subordination to those acquired by Moore in his original letting of the land, since whatever arrangements are entered into by Cameron they are under and by virtue of the lease obtained from the owner of the premises. *Montague* v. *Mial, supra.*

It is sufficient for determining the appeal to say that Moore, in voluntarily crediting, not his own lessee, but one engaged in performing the obligations of Cameron, under Cameron's control, cannot assert a lien therefor, and, as every stipulation in his lease has been complied with, his right of possession terminates. There is no error. Judgment affirmed.

No error. Affirmed.