S. J. JARRELL *v.* JOHN DANIEL.

*Landlord and Tenant—Lien on Crop—Division of Crop—
Release of Lien.*

1. A release of a landlord's lien on a crop can only arise upon an absolute and unqualified division to the tenant of his share; therefore,

2. Where a landlord and his tenant through a common agent designated and set apart the share of the crop which the tenant was to have whenever the advancements were paid on it, and the tenant was told not to remove such share until the lien was paid off, there was no such division as to divest the lien of the landlord.

This was a CIVIL ACTION for claim and delivery, tried before *Brown, J.*, and a jury, on an appeal from a Justice of the Peace, at July Term, 1893, of GRANVILLE Superior Court.

S. J. Jarrell, the plaintiff, introduced as a witness in his own behalf, testified that he rented a tract of land from

Mrs. Gooch for the year 1892; that he sublet it to the defendant, who was to pay one-half the crops. Plaintiff was to furnish the seed wheat and oats and other seed, a horse and feed for him, and one hand to help plant and cut tobacco. Defendant was to furnish all the labor. All crops were to be divided equally. Defendant had more crop than he could cultivate and failed to procure other help. Plaintiff had to furnish him additional hands, more than he agreed to furnish, and also made him advances to help make the crop. The balance due plaintiff on said account after allowing all credits is $40.26.

The tobacco was cured and stored in a barn on the premises, and plaintiff employed one Wheeler to strip the same. The plaintiff then proposed to prove that he told Wheeler, the defendant not being present, that defendant objected to Wheeler stripping his part of the tobacco upon the ground that he had a family and could strip it himself, and that plaintiff told Wheeler, the defendant not being present, before any agreement of division was had, that, in order to save the defendant the cost of Wheeler's stripping, he might set apart defendant's share of tobacco and strip the plaintiff's share. .

Defendant objected. The objection was sustained, and plaintiff excepted.

"We agreed that Wheeler should divide the tobacco between us. The fodder had already been divided. The defendant's part of the tobacco was left in the pack-house, where my tobacco was. I wrote a note to defendant after the crop was divided, forbidding him to move his part of the tobacco. I don't know whether he got the note. We agreed before Wheeler to divide, and before the division I told the defendant he should not move anything until the debt and advancement had been paid. This was some time before we agreed upon Wheeler to divide the crop for us."

(It was admitted by both parties that afterwards Wheeler was appointed agent for plaintiff and defendant and divided the crop, and for the purpose of dividing it was their joint agent).

"It was in October or November, 1892, and I told Wheeler to go ahead and divide the tobacco between Daniel and myself and to strip my part. The tobacco was then in the pack-house on Mrs. Gooch's farm. The defendant's part of the tobacco remained in the pack-house. I left it there until I got out claim and delivery proceedings in April, 1893. I took my part of the tobacco off and sold it. On January 1, 1893, Mrs. Gooch took possession of the farm. I did not re-rent for 1893. When I gave up possession of the place the defendant's part of the tobacco was in the pack-house on the land. The crop was divided about Christmas, 1892."

His Honor then charged the jury that upon plaintiff's testimony there had been a division of the crop; that plaintiff's lien as landlord was destroyed, and that plaintiff was not entitled to recover, and they must find the issue in favor of the defendant. Plaintiff excepted.

There was verdict and judgment for the defendant, and plaintiff appealed.

*Mr. J. W. Graham*, for plaintiff (appellant).
*Messrs. Batchelor & Devereux*, for defendant.

CLARK, J.: The plaintiff, having sublet to the defendant, became lessor to his sublessee and entitled to the same lien on his crop which the statute gives to a lessor. *Moore v. Faison*, 97 N. C., 322. Had there been an absolute division of the crop as in *Jordan v. Bryan*, 103 N. C., 59, the plaintiff would have lost his lien. Such was not the case here. The plaintiff, it is true, took the part of the crop to which

he was unquestionably entitled; but as to the balance he did not relinquish his lien. He and the defendant, by means of a common agent, designated and set apart the share the defendant was to have whenever the advancements were paid on it. This was done that the defendant might strip that share of the tobacco by himself and family so as to save expense. The true nature of the transaction was that it was not an absolute division by which a release of the landlord's lien was intended, but it was merely a designation and setting apart of so much of the crop for the preparation of it for market, with the executory agreement that it should belong to the defendant whenever the landlord's lien for advancements was paid. The uncontradicted evidence is that the defendant was told not to remove such share till the lien was paid off. If so, it was error to instruct the jury that such designation and setting apart with the express retention of the lien destroyed the lien. A release of the lien could only arise upon an absolute and unqualified division to the tenant of his share. The rights of the parties were not affected by the fact that the year having expired such part of the crop remained in the barn of the original lessor, the land-owner.

New Trial.