C. L. WHITE v. T. A. RIDDLE AND J. W. GILLIAM, TRADING AS
T. A. RIDDLE & COMPANY.

(Filed 26 March, 1930.)

1. **Landlord and Tenant H a—Farm laborer's lien relates back to time of commencement of work and is superior to liens filed thereafter.**

   The lien of a laborer upon a crop relates back to the time of the commencement of the work, and by the express provisions of the statute his lien is preferred to all other liens filed thereafter, C. S., 2472, 2480, 2488, and where notice is filed according to C. S., 2470, and the laborer has perfected his lien, it is superior to an agricultural lien and chattel mortgage upon the same crop executed and filed after the commencement of the work, but before notice of the laborer's lien, and C. S., 2471, relating to priority of payment of liens according to priority of notice filed with a justice of the peace or clerk, has no application.

2. **Interest B a—In tort actions for conversion interest is allowable in the discretion of the jury.**

   In tort actions for conversion interest is allowable in the discretion of the jury, and where the jury has failed to award interest the plaintiff's contention that he is entitled thereto cannot be sustained.

CIVIL ACTION, before *Barnhill, J.,* at September Term, 1929, of LEE. The agreed facts were as follows:

1. "That on 24 February, 1927, L. M. White executed to T. A. Riddle & Company an agricultural lien and chattel mortgage in the sum of $800, on all crops grown by him on his land situate in Johnsonville Township, Harnett County, N. C., during the crop year 1927, which said instrument was duly filed for registration in said Harnett County

on 9 March, 1927, and at the same time, namely, 24 February, 1927, said L. M. White executed a note for $800, as evidence of said indebtedness."

2. "That the defendant, T. A. Riddle & Company, received of the said crops or the proceeds of sales therefrom, the sum of $713.25, all of which, except $74.00, was received prior to the filing of the lien hereinafter referred to."

3. "That the plaintiff, C. L. White, brought this action against the defendants to recover the sum of $127.85, with interest from 6 December, 1927, claiming a prior lien thereon by virtue of a certain judgment rendered in his favor and against said L. M. White in justice's court, Harnett County, North Carolina, in the amount of $190.00, which said judgment was declared a laborer's lien upon the said crops raised by said L. M. White on his said lands in Harnett County during the crop year of 1927, and which said judgment was rendered on account of labor performed by said C. L. White in the cultivation of said crops during said year, and beginning 1 February, 1927."

4. "That no notice of claim of lien was filed by said C. L. White until 1 November, 1927; that such notice was filed in said justice's court on that date."

5. "That under an execution issued on the said justice's judgment certain corn grown by said L. M. White on said lands was sold and $70.25 net was applied to the said judgment, leaving a balance due on same of $127.85, and interest from 1 October, 1927."

6. "Defendants deny that said lien is superior or entitled to preference to that of the said mortgage lien or any part of said crops or the proceeds therefrom delivered to said defendants prior to the filing of said notice of lien, as required by section 2471, of the Consolidated Statutes, and for other matters of law to be assigned on the argument."

Upon the foregoing facts the following judgment was entered:

"This cause coming on for hearing as to the matters in controversy between plaintiff and T. A. Riddle & Company upon agreed statement of facts, which is hereby referred to and made a part of this judgment, and the court being of the opinion, and so holding, that plaintiff's lien is a first and prior lien on the property, of the value of $74.00 received after the notice and claim of lien was filed, but is not a first and prior lien on the portion received and appropriated by defendants prior to filing of the notice and claim of lien by plaintiff, upon motion, it is decreed, ordered and adjudged, that plaintiff do have and recover of the defendants, T. A. Riddle and J. W. Gilliam, trading as T. A. Riddle & Company, the sum of $74.00, with interest thereon from the first day of this term, and that defendants do pay the cost of this action to be taxed by the clerk."

From the judgment so rendered the plaintiff appealed.

WHITE v. RIDDLE.

*H. M. Jackson and Hoyle & Hoyle for plaintiff.*
*Seawell & McPherson for defendant.*

BROGDEN, J. Is a laborer's lien, duly perfected, on a crop, superior to an agricultural lien and chattel mortgage upon said crop, duly recorded?

The laborer began work on the crop on 1 February, 1927, and the agricultural lien and chattel mortgage were executed on 24 February, 1927. C. S., 2472, 2480, and 2488 provide a lien for laborers in order that the work of their hands may be securely safeguarded and preserved. C. S., 2472, declares in plain and unequivocal language that a laborer's lien upon a crop "shall be preferred to every other lien or encumbrance which attached to the crop subsequent to the time at which the work was commenced." C. S., 2470, provides for the filing of notice of lien. If the notice is properly filed, then the lien reaches back to the time when the work was commenced.

It has been uniformly declared by the Court that, a lien properly filed upon real estate and the right resulting therefrom asserted in apt time, relates back to the beginning of the work or furnishing of material, and as against such lien, even the rights of innocent purchasers cannot prevail. *Burr v. Maultsby,* 99 N. C., 263; *Harris v. Cheshire,* 189 N. C., 219, 126 S. E., 593; *King v. Elliott,* 197 N. C., 93.

There is no sound reason why the same principle should not apply to crops. Indeed, the principle announced in *Burr v. Maultsby, supra,* has been invoked by this Court in support of placing the lien of the laborer upon a crop upon the same basis as the lien of a laborer upon a piece of land. In *Rouse v. Wooten,* 104 N. C., 229, 10 S. E., 190, the Court said: "It may be said that persons who take 'agricultural liens' cannot have knowledge of such rights of the cropper, as his contract is not required to be registered. But they must take notice of the cropper's rights, just as they do the like rights and labor contracts of agricultural tenants. They take such liens at their peril; they should make proper inquiry before taking them. It might be better to require notice of a cropper's contract to be registered, as required in case of the laborer's lien, but the statute does not so require. . . . The lessor, landlord or employer cannot consume or dispose of the crop himself, nor can his assigns, nor can they encumber it, to the prejudice of the cropper. Any sale of, or lien created upon it, is made subject to his right; otherwise the remedy thus given would be meaningless and nugatory—an empty pretense and a mockery of him whose labor had contributed to the production of the crop. The statute does not intend this. It intends to encourage and favor the laborer as to those matters and things upon which his labor has been bestowed, and that he shall certainly reap the just benefit of his toil."

17—198

While it is suggested that the *Rouse case* dealt with a division of the crop, it is to be observed that the Court held that a cropper was "a laborer receiving pay in a share of the crop." *McCoy v. Wood,* 70 N. C., 125; *Warren v. Woodard,* 70 N. C., 382. The notice of lien must, however, show upon its face substantial compliance with the statute. *Cook v. Cobb,* 101 N. C., 68, 7 S. E., 700; *King v. Elliott, supra.*

C. S., 2471, provides that liens "shall be paid and settled according to priority of the notice of the lien filed with the justice or the clerk." This section has been construed in *Mfg. Co. v. Andrews,* 165 N. C., 285, 81 S. E., 418, in which case it was held that the section applied only to liens "required to be filed with the proper officers," etc. The defendant claims a lien by virtue of a chattel mortgage and agricultural lien. No notice of such a lien is required to be filed with a justice or the clerk.

Plaintiff contends that he is entitled to interest. This contention cannot be sustained. While there is wide divergence of judicial opinion upon the subject, this Court has adopted the theory that in tort actions for conversion, interest is allowable in the discretion of the jury. *Stephens v. Koonce,* 103 N. C., 266, 9 S. E., 315; *Lance v. Butler,* 135 N. C., 419, 47 S. E., 488.

The Court concludes and adjudges that the plaintiff has a first lien upon the entire crop for the amount of his claim.

Reversed.