## W. D. GLOVER v. S. L. DAIL.

(Filed 5 November, 1930.)

**Agriculture D b—Holder of crop lien is entitled to surplus from crop grown under contract with landlord after payment of landlord's lien.**

The statutory landlord's lien, C. S., 2355, is superior to that of one furnishing supplies to the cropper, C. S., 2480, but where the cropper under a separate contract with the landlord raises a certain crop the lien for advancements attaches to such crop, and where the landlord has received the payment for the entire crop including the special crop under separate contract with the cropper and pays himself the amount due as rent, the lien for advancements attaches to the surplus and the holder of the lien may recover thereon from the landlord.

APPEAL by defendant from *Moore, Special Judge,* at October Term, 1929, of PASQUOTANK. Affirmed.

The appeal of the defendant from the judgment of a justice of the peace of Pasquotank County in this action was heard on a statement of facts agreed which are substantially as follows:

On or about 1 January, 1928, the defendant and one W. T. Forehand entered into a contract by which defendant rented to the said W. T. Forehand, for agricultural purposes, during the year 1928, a tract of land owned by the defendant and situate in Pasquotank County. The said W. T. Forehand agreed to cultivate the said tract of land, and to deliver to the defendant, as rent for the same, one-third and one-fourth of the crops grown thereon. Under this contract the said W. T. Forehand entered into possession of the said land, and made preparation for the cultivation of the same.

On 3 February, 1928, the said W. T. Forehand executed a paper-writing by which he conveyed to the plaintiff all the crops to be grown by him on the land of defendant, during the year 1928, for the purpose of securing the payment of advancements to be made to him by the plaintiff, to enable him to cultivate said land and to harvest said crops. This paper-writing was duly recorded on 4 February, 1928. It was sufficient in form to give to plaintiff a lien as provided by statute on said crops. Thereafter, on account of advancements made to him by the plaintiff, the said W. T. Forehand became indebted to plaintiff in the sum of $84.23. This sum was due and unpaid at the date of the commencement of this action.

Some time after 3 February, 1928, the defendant and the said W. T. Forehand entered into a contract by which the said W. T. Forehand agreed to plant and cultivate a crop of Irish potatoes on said land. The defendant agreed to pay to the said W. T. Forehand, for his labor in the planting and cultivation of said crop of Irish potatoes, $1.50 per

barrel for all the potatoes delivered to him from said crop. It was expressly agreed by and between defendant and the said W. T. Forehand, that the latter should have no interest in or title to said Irish potatoes, but should be paid only for his labor in planting and cultivating the same, in accordance with the terms of the said contract. Thereafter the said W. T. Forehand planted and cultivated on defendant's land a crop of Irish potatoes.

W. T. Forehand died during the month of May, 1928. By agreement between defendant and a son-in-law of W. T. Forehand, the latter continued the cultivation of the crops on said land, including the Irish potato crop planted by the said W. T. Forehand, under the contracts entered into by and between defendant and the said W. T. Forehand.

On 25 June, 1928, the defendant received from the crop of Irish potatoes made on his land during 1928, by the said W. T. Forehand and his son-in-law, 175 barrels and thereby became indebted to the said W. T. Forehand, under the contract with respect to the Irish potatoes in the sum of $262.50. Defendant has paid to the son-in-law of W. T. Forehand on account of said indebtedness the sum of $104.50, and has paid to certain creditors of the said W. T. Forehand, at the request of his widow and son-in-law, the balance due on account of said Irish potatoes. Defendant has paid a sum in excess of the indebtedness due to the plaintiff on debts of W. T. Forehand for which the defendant was not liable, as landlord.

The court was of opinion that upon the foregoing facts plaintiff is entitled to recover of defendant, by reason of his lien under the paper-writing executed by W. T. Forehand, the sum of $84.23.

From judgment that plaintiff recover of defendant the sum of $84.23, with interest and costs, the defendant appealed to the Supreme Court.

*Ehringhaus & Hall for plaintiff.*
*George J. Spence for defendant.*

CONNOR, J. By virtue of the paper-writing executed by W. T. Forehand on 3 February, 1928, and duly recorded on 4 February, 1928, the plaintiff had a lien on all the crops to be grown on the land of defendant by the said W. T. Forehand during the year 1928. C. S., 2480. This lien was subject, of course, to the lien of defendant as landlord, on said crops. C. S., 2355. With respect to all other creditors of W. T. Forehand, this lien had priority. Under the contract between defendant and the said W. T. Forehand, in force at the date of the lien, the said W. T. Forehand had an interest in the crops which he could convey and on which he could give a valid statutory lien.

No contract or agreement entered into by and between defendant and W. T. Forehand, with respect to the crops to be grown on defendant's

land during 1928, subsequent to the date of the paper-writing, can affect the rights of plaintiff under his lien. This lien attached to and was enforceable against all crops, including the Irish potato crop, grown on defendant's land by W. T. Forehand, during the year 1928.

Plaintiff, therefore, had a lien on the interest of W. T. Forehand in the Irish potato crop grown by him on defendant's land, under the contract in force on 4 February, 1928, and entered into by and between defendant and the said W. T. Forehand. It is apparent from the facts agreed that this interest exceeded in value all amounts due by W. T. Forehand to the defendant, for which defendant, as landlord had a prior lien. Defendant having received the value of this interest, and failed to account to plaintiff for same, is liable to plaintiff for the amount now due to the plaintiff by the said W. T. Forehand. We find no error in the judgment. It is

Affirmed.