WILLIE JAMES EASON, APPEARING HEREIN BY HIS NEXT FRIEND, JAMES C. EASON, PLAINTIFF, v. GRACE BISHOP DEW, EXECUTRIX OF THE ESTATE OF R. P. DEW, DECEASED, DEFENDANT.

(Filed 10 October, 1956.)

**1. Controversy Without Action § 2—**

Where, after filing of pleadings, the parties submit the cause to the court on facts agreed, and such facts negative rather than support plaintiff's allegations as to the existence of a contract between plaintiff and defendant, there is a variance between the allegations and proof.

**2. Same—**

When litigants submit a cause on agreed facts, the agreed facts constitute the sole basis for decision.

**3. Agriculture § 3—**

An agricultural worker's lien for labor done is incident to and security for a debt, and there can be no lien in the absence of an underlying debt. G.S. 44-1.

**4. Agriculture § 1—**

The landlord's lien for rent and advancements and expenses incurred in making and saving the crop is a preferred lien on the entire crop. G.S. 42-15.

**5. Same—**

A person who deals with a tenant is charged with notice of the landlord's rights under G.S. 42-15.

**6. Agriculture § 4—Landlord's lien for rent and advancements held superior to subtenant's lien for labor under separate contract with tenant.**

The facts agreed were to the effect that the landlord and tenant entered into an agreement to farm "on halves" with provision that the tenant could subcontract part of his crops, but that the tenant and subtenants were to account to each other. It was further stipulated that plaintiff performed labor under an agreement with the tenant for a monthly wage plus a share of the crops, but that at no time did the landlord enter into any contract directly with plaintiff. The proceeds of the crop were insufficient to discharge in full the landlord's lien for rent and advancements. *Held:* The landlord owed no debt to plaintiff as a basis for a lien, the landlord not being liable for the labor performed by plaintiff under a correct construction of the agreement between the landlord and tenant, and plaintiff is not entitled to recover from the landlord the amount due plaintiff by the tenant. G.S. 44-1, G.S. 44-41. Further, the facts agreed do not show that notice of lien was filed as prescribed by statute. G.S. 44-38, G.S. 44-39.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Parker, J.,* June Term, 1956, of WILSON.

Plaintiff's action is to recover $756.00 and interest, allegedly due him as a farm laborer for one Hugh McKeel, tenant of the late R. P. Dew, in connection with crops raised in 1955 on land owned by said R. P. Dew.

Plaintiff, in substance, alleged: (1) that early in 1955 he entered into a contract with McKeel and Dew whereby plaintiff was to work throughout the 1955 farming season as a farm laborer for McKeel, for which he was to receive from McKeel's share of the crops a sum of money equal to the average yield per acre of the tobacco grown by McKeel as tenant of Dew; (2) that it was expressly understood and agreed between plaintiff and Dew that plaintiff was to receive his acre's yield before Dew as landlord took any part of McKeel's share of said crops in payment of sums advanced by Dew as landlord to McKeel as tenant; (3) that plaintiff performed the farm labor pursuant to said contract; (4) that the tobacco, all of which was sold, brought an average price of $756.00 per acre; (5) that defendant took the proceeds from McKeel's share of the tobacco crop and, notwithstanding formal notice thereof, has refused to pay plaintiff's claim for $756.00; and (6) that, independent of any contractual relation between plaintiff and Dew, plaintiff has a lien under G.S. 44-41 for the $756.00.

Answering, defendant denied the essential allegations of the complaint, specifically averring that Dew had no contract of any kind with plaintiff.

The cause was submitted to the court below for decision, without a jury, upon stipulated facts, to wit:

The agreed facts are as follows:

"(1) That R. P. Dew, deceased, entered into a landlord-tenant contract with one Hugh McKeel to farm 'on halves' a tract of land located approximately 4 miles East of Wilson for the year 1955, by the terms of said contract it was expressly understood that Hugh McKeel was to furnish all 'labor'; the cost of grading tobacco, housing and harvesting, except the cost of picking cotton was to be divided between them. The cost of fertilizer, chemicals for dusting, fuel for curing tobacco and similar expenses were to be divided between the said R. P. Dew, now deceased, and Hugh McKeel. It was further agreed that Hugh McKeel could sub-contract part of his crops expected to be grown on the farm to other tenants since he could not himself furnish all of the 'labor' necessary to cultivate, harvest and house the crops. That R. P. Dew was to make certain advancements to McKeel for living and farm expenses for which the latter was to account at the end of the farm year from his one-half of the income from the sale and his share of the crops raised on the said farm. That it was understood and agreed that Hugh McKeel and the sub-tenants were to account to each other. That at

no time did the said R. P. Dew enter into any contract or agreement with the sub-tenant, Charlie Sumerlin and Willie James Eason.

"(2) That after crediting the said Hugh McKeel with his share of the income from the sale of tobacco, cotton, and any and all other crops raised on said lands, the amount was not sufficient to pay all advancements made to Hugh McKeel by the defendant and his share of the expenses incurred in making and saving said crops. That the Estate of R. P. Dew incurred a loss during the 1955 farm year operation.

"(3) That during the early part of 1955 the plaintiffs, Charlie Sumerlin and Willie James Eason, entered into a contract with Hugh McKeel under which the plaintiffs were to receive from Hugh McKeel— 1. $20.00 per month. 2. A place to lodge. 3. A share of the crops grown on said lands equal to the average yield per acre of the tobacco grown by Hugh McKeel as tenant of R. P. Dew upon the completion of all tobacco sales for the 1955 season.

"(4) Under the plaintiff's contract with Hugh McKeel, they were to work and did work in harvesting and marketing the crops grown on the land which McKeel was cultivating and farming as tenant of R. P. Dew.

"(5) The plaintiffs have received the said $20.00 per month and a place to lodge. The plaintiffs have not received a share of the crops grown on said lands equal to.the average yield per acre of the tobacco grown by Hugh McKeel as tenant of R. P. Dew upon the completion of the 1955 season.

"(6) A notice of claim was filed with the defendant in December 1955."

The court below ruled that defendant is not indebted to plaintiff "by reason of the matters and things set out in the agreed statement of facts." Judgment was entered that plaintiff recover nothing from defendant and that plaintiff pay the costs. Plaintiff excepted and appealed. The sole assignment of error brings forward his exception to the signing and entry of the judgment.

*Allen W. Harrell for plaintiff, appellant.*
*Wiley L. Lane, Jr., for defendant, appellee.*

BOBBITT, J. The facts agreed negative rather than support plaintiff's allegations as to the existence of a contract between plaintiff and Dew. In this respect, there is a material variance between the allegation and proof. There can be no recovery except on the case made by the complaint. *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786; *Manley v. News Co.,* 241 N.C. 455, 85 S.E. 2d 672.

Are the facts alleged sufficiently established by the facts agreed to warrant plaintiff's recovery of $756.00 or any amount by reason of the

provisions of G.S. 44-1 and G.S. 44-41? When litigants submit a cause on agreed facts, such agreed facts constitute the sole basis for decision. *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273.

The agreed facts do not show that notice of lien was filed in the office of the clerk of the Superior Court as prescribed by G.S. 44-38 and G.S. 44-39. The stipulation was simply that "a notice of claim was filed with the defendant in December 1955." Moreover, the agreed facts do not show that the tobacco sold brought an average price per acre of $756.00 or any other stated amount. Nor is there any admission in defendant's answer bearing on this matter. Hence, if otherwise entitled to recover some amount, there was no factual basis upon which judgment could have been entered for plaintiff. But apart from the defects noted, the agreed facts do not sustain plaintiff's right to recover.

The statutory lien is incident to and security for a debt. There can be no lien in the absence of an underlying debt. G.S. 44-1; *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828; *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324, and cases cited; *Grissom v. Pickett,* 98 N.C. 54. Thus, the ultimate question is whether the estate of Dew, the landlord, is indebted to plaintiff on account of the failure of McKeel, Dew's tenant, to pay to plaintiff the amount to which he was entitled under the Eason-McKeel contract.

Eason had no contract with Dew. Nor does it appear that Dew was advised as to the arrangement or agreement Eason had with McKeel. *McCoy v. Wood,* 70 N.C. 125, and *White v. Riddle,* 198 N.C. 511, 152 S.E. 501, cited by appellant, deal with different factual situations.

In the Dew-McKeel contract, it was "agreed that Hugh McKeel could sub-contract part of his crops expected to be grown on the farm to other tenants since he could not himself furnish all of the 'labor' necessary to cultivate, harvest and house the crops"; but it was also "understood and agreed that Hugh McKeel and the sub-tenants were to account to each other."

Under the Eason-McKeel contract, in addition to lodging and $20.00 per month, Eason was to receive "a share of the crops grown on said lands equal to the average yield per acre of the tobacco grown by Hugh McKeel as tenant of R. P. Dew upon the completion of all tobacco sales for the 1955 season."

Under G.S. 42-15, Dew had a preferred lien on the entire crop until the rent and all advancements made and expenses incurred in making and saving the crop were paid. *Hall v. Odom,* 240 N.C. 66, 81 S.E. 2d 129, and cases cited. The crop did not bring an amount sufficient to satisfy Dew's lien. Defendant owes nothing to McKeel.

The Eason-McKeel contract was subordinate to the Dew-McKeel contract. True, McKeel had the right, by sublease, assignment or

otherwise, to create a lien on *his* share of the crop. *Glover v. Dail*, 199 N.C. 659, 155 S.E. 575. However, any lien created by such subordinate contract made by McKeel was subject to the primary and paramount lien in favor of Dew by virtue of G.S. 42-15. *Moore v. Faison*, 97 N.C. 322; *Belcher v. Grimsley*, 88 N.C. 88. As stated by *Smith, C. J.*, in *Montague v. Mial*, 89 N.C. 137: "The land and the crops to be grown cannot be freed from the conditions imposed by law, nor can the lessor's rights be abridged by any subordinate contracts of the lessee." A person who deals with a tenant is charged with notice of the landlord's rights under G.S. 42-15. *Hall v. Odom, supra.*

Appellant directs attention to this provision of the Dew-McKeel contract: ". . . it was expressly understood that Hugh McKeel was to furnish all 'labor'; the cost of grading tobacco, housing and harvesting, except the cost of picking cotton was to be divided between them." This provision, appellant contends, obligated Dew to pay one-half of the cost of grading, housing and harvesting the tobacco. Such a construction would seem at variance with plaintiff's theory of the case. Moreover, nothing is alleged or in the agreed facts to indicate the value of plaintiff's services in grading, housing and harvesting the tobacco. While the use of a semicolon rather than a comma after the word "labor" was inept, consideration of the pleadings and of the facts agreed impel us to construe the quoted stipulation to mean that McKeel was to furnish all labor except that the cost of picking cotton was to be equally divided between Dew and McKeel. Nothing is alleged or in the agreed facts to indicate that plaintiff picked cotton or, if so, the value of such services.

The parties, in the agreed facts, expressly recognize that the Dew-McKeel contract created the relationship of landlord and tenant.

It is noted that *McCoy v. Wood, supra,* and *Warren v. Woodard*, 70 N.C. 382, cited by appellant, were decided prior to statutory amendments now incorporated in G.S. 42-15.

It is further noted that the agreed facts refer to a separate case entitled: "Charlie Sumerlin *v.* Grace Bishop Dew, Executrix of the Estate of R. P. Dew, deceased." However, the process, pleadings and judgment in the record on this appeal relate solely to the Eason case.

Under the facts agreed, McKeel is indebted to plaintiff. If a judgment against McKeel would be uncollectible, plaintiff's partial loss is unfortunate and regrettable. Even so, under existing statutory law as construed by this Court, plaintiff has no basis on which he can recover from defendant the amount of McKeel's debt to him.

Affirmed.

JOHNSON, J., not sitting.