MORGANTON HARDWARE COMPANY v. MORGANTON GRADED SCHOOLS et al.

(Filed 23 December, 1909.)

1. **Appeal and Error — Agreement of Counsel — Rehearing — Procedure.**

   In a former appeal in this case counsel agreed that the matter decided was the only question involved; if otherwise, or in case of inadvertence of the court, as to other questions presented, a rehearing should have been petitioned for. Hence the opinion found reported in 150 N. C., 680, may not thus be reviewed. The Court, however, decided against the plaintiff on the merits of the case.

2. **Public Schools—Sub-Contractor—Material Men—Statutory Liens.**

   A building used for graded-school purposes is a public building upon which no lien can be acquired, except with legislative sanction. *Gastonia v. McEntie-Peterson Eng. Co.,* 131 N. C., 363; *Snow v. Commissioners,* 112 N. C., 335, cited and approved.

3. **Statutory Liens — Sub-Contractor — Material Men — Debtor and Creditor—Privity of Contract.**

   Between the sub-contractor or material man and the owner there is no privity of contract, and the former cannot make the latter

their debtor except with his consent, or by following the provisions of the statute giving them a lien, and then only according to the status of the contract between the owner and the contractor with reference to the amount owed the contractor thereunder at the time of notice and the relation thereto of other like claimants. Revisal, secs. 2019, 2020, 2021.

**4. Same—Interpretation of Statutes.**

Revisal, secs. 2019, 2020, 2021, does not create the relationship of debtor and creditor between the owner of a building and the sub-contractor or material man, except as to the extent of liens acquired in accordance with its provisions, and in the manner indicated.

**5. Public Schools—Sub-Contractor—Material Men—Statutory Liens.**

Neither by the enforcement of a lien, nor by anything in the nature of an equitable proceeding, nor directly by sale under execution, was it the intent of Revisal, secs. 2019, 2020, 2021, etc., to subject one of its public corporations, organized as necessary to the administration of its governmental affairs, to the privation or loss of its buildings for public-school purposes.

**6. Same—Judgments.**

A public schoolhouse cannot be sold under execution, except with legislative authority, and a judgment in favor of a sub-contractor, or those furnishing materials for its construction, would be in vain, and the courts will therefore not render such a judgment.

APPEAL from *Justice, J.,* August Term, 1909, of BURKE. The facts are stated in the opinion of the Court.

*J. T. Perkins, S. J. Ervin* and *Riddle & Huffman* for plaintiff. *Avery & Ervin* for defendant.

WALKER, J. This case was before us at the last term and will be found reported in 150 N. C., at p. 680. Counsel agreed then, as the briefs on file in this Court show, that the real question involved was whether the plaintiffs were entitled to liens upon the graded-school building, and virtually conceded that, if they were not, the plaintiffs had not made out their case and the judgment below was wrong. It may also be said that if the reversal of the judgment in that appeal affected injuriously the plaintiff's rights, they should have brought the matter to the attention of this Court by a petition to rehear, which they have not done. This was also virtually an admission that the judgment of this Court was right; otherwise the plaintiff would have asked that it be reheard or reviewed, or called the alleged inadvertence to the attention of the Court, so that it might be corrected, provided there was any inadvertence. But there was not. In the former opinion the Court confined the discussion solely to

the very point which counsel agreed was the one presented in the case, and to which their arguments in this Court were addressed. We will not, though, place our decision entirely upon the ground just stated, but will also discuss and decide the case upon its merits, as if the case were here upon an order for a rehearing.

We decided before that a public building, such as a graded school, is not the subject of a lien, under our statute (chapter 48 of the Revisal). Our decisions, as well as those of other States, support this view. *Gastonia v. Eng. Co.,* 131 N. C., 363; *Snow v. Commissioners,* 112 N. C., 335; 1 Phillips on Mech. Liens (3d Ed.), secs. 179 and 179a. The other cases supporting the principle were cited in our former opinion. Even a cursory perusal of our statute (Revisal, ch. 48) will make it plainly appear that a sub-contractor or a person who furnishes materials for the construction of the building has no claim against the owner apart from the claim he acquires by virtue of his lien after notice to the owner and before he settles with the contractor. The statute was not intended to change the well-settled general principle that there must be privity of contract before any liability by one person to another can arise. We know that this general principle has its exceptions, arising out of the peculiar nature of the cases to which they apply. *Gorrell v. Water Co.,* 124 N. C., 328; *Gastonia v. Engineering Co., supra; Wadsworth v. Concord,* 133 N. C., 594; *Jones v. Water Co.,* 135 N. C., 554; *Voorhees v. Porter,* 134 N. C., 591. In the case last cited the authorities are collected and the application of the rule and its exceptions discussed. One person cannot make another his debtor without his consent or the sanction of the law. It is true that a lien, generally speaking, implies the existence of a debt, the payment of which is secured by it, but it does not follow always, and conversely, that a debt implies the existence of a lien. The latter arises by contract of the parties or by some provision of the law, common or statute. Revisal, secs. 2019, 2020 and 2021 of ch. 48, clearly import, by their words, that the sub-contractor or material man, if he gives the required notice, shall have a lien; and when he acquires a lien by giving the proper notice, the owner of the property upon which the lien rests becomes his debtor to the amount owing by the owner to the contractor at the time of the notice and not exceeding the debt. If there are more creditors than one, then they can recover only their *pro rata* share of what is due by the owner to the contractor at the time of the notice. The language of section 2021 is perhaps the strongest in favor of the plaintiff's contention in this case. But it will be observed that the closing words of that

section distinctly qualify and explain what precedes. They are as follows: "Upon the delivery of such notice to such owner or his agent, the person giving such notice shall be entitled to all the liens and benefits conferred by this section or by any other law of this State, in as full and ample a manner as though the statement had been furnished by the contractor, architect or such other person." Section 2022 further elucidates this question and shows clearly what the Legislature meant. "Section 2022—Sums Due by Statement, a Lien.—The sums due to the laborer, mechanic or artisan for labor done or due the person furnishing materials, as shown in the itemized statement rendered to the owner, shall be a lien on the building, vessel or railroad built, altered or repaired, without any lien being filed before a justice of the peace or the Superior Court." Who can successfully assert, after reading the sections quoted, that it was or could have been the purpose and intent of the Legislature to give the subcontractor a simple action of debt against the owner, when they had never been brought into contractual relations with each other? The contract of the material man or sub-contractor was with the contractor, and not with the owner, and the material man has no direct claim against the owner as *his* creditor, under the contract or by any known principle of law. He may subject the debt due by the owner to the contractor, when he has acquired no lien under the statute, in certain cases, by process of the law, such as an attachment or supplementary proceedings, and, in the latter case, after reducing his claim to judgment and complying with the necessary procedure; or, if he has acquired a lien on the debt by contract with the owner or by any provision of the law, he may subject it, by suit, to the payment of the debt. Under the statute, his right as against the owner, must be worked out through the lien it gives him upon the property of the owner, after notice of his claim and to the extent of his claim, provided it does not exceed what is due the contractor by the owner. It would seem to be unnecessary to cite authorities for our construction of the statute. In the case of *Walker v. Paine,* 2 E. D. Smith (N. Y.), 662, the very question arose, and (at page 664) the court said: "In an action against the owner of a building to recover, under the lien law, the value of work or materials furnished *to a contractor,* there can be no personal judgment against the owner, but a mere foreclosure of the lien upon his interest in the premises, with a judgment directing the sale of such interest to pay the amount found due to the claimant, with the costs, as provided in the first section of the amendatory act, passed 13 April, 1855. (a) A personal judgment thus erroneously entered

against the owner will be reversed on appeal." Numerous other authorities could be cited, but this one states the principle so clearly that we will not encumber the opinion by referring to them. In the case of *Pinkston v. Young,* 104 N. C., 102, the Court distinctly recognizes the doctrine that what the laborer, sub-contractor or material man acquires by notice to the owner is a lien upon his property, and that his remedy, in order to secure payment of this debt, is by enforcing this lien. It has been held that a judgment charging the premises with a lien cannot be rendered except as an incident to a personal judgment against one holding a contract relation with the plaintiff, and that there must always be privity of contract between the parties. *Stemkamper v. McManus,* 26 Mo. App., 51. Our statute does not establish privity of contract, but merely confers upon the material man a lien upon the property, if the property is subject to lien, but not if he fails to acquire a lien by the laches of himself or of the contractor, whose negligence will be imputed to him when he fails to protect his own interests in the way prescribed by the statute.

But there is another insuperable obstacle in the way of the plaintiff's recovery. Property held for necessary public uses and purposes, such as courthouses, jails, schoolhouses, and so forth, cannot be sold under execution. *Gooch v. Gregory,* 65 N. C., 142; *Vaughn v. Commissioners,* 118 N. C., 636. It would be a vain thing to render a judgment for a debt which cannot be enforced. The plaintiff may, perhaps, proceed by *mandamus* against the corporate body having power to levy taxes for the purpose of paying his claim, but he cannot subject the property itself to its payment. The government of the State and its subordinate departments would be so crippled or obstructed by such a course as to be of little value to the people. It could eventually be destroyed. The method of collecting debts created for public uses and purposes is by taxation; and if the body charged with the duty of laying the necessary taxes to pay the same fails in its duty, the procedure or remedy is by *mandamus* to compel its performance, as the above cases will show.

Mr. Phillips, in his treatise on Mechanic's Liens (3d Ed.), states (in section 319) that a building which would otherwise be subject to the lien may be exempt on ground of public policy. In considering the question of lien, the authorities say, the whole of the remedy, including the right to issue execution, must be considered in order to determine whether it is the proper remedy in any given case. Not to do so would be too abstract and impracticable; for the lien, abstractly, is nothing; its consequences

or results, everything. The question of lien, therefore, must be regarded with reference to the legal consequences of it; and if they would necessarily contravene settled principles, it is evident that such an effect should not be given and was not intended by the law; and if it be incapable of the practical results assigned to it by the law, it is inoperative and there is no lien. Property which is exempt from seizure and sale under an execution, upon grounds of public necessity, must for the same reason be equally exempt from the operation of the mechanic's lien law, unless it appears by the law itself that property of this description was meant to be included; and, to warrant this inference, something more must appear than the ordinary provisions that the claim is to be a lien against a particular class of property, enforcible as judgments rendered in other civil actions. Therefore, under an ordinary statute, a lien cannot be acquired for work done or materials furnished towards the erection of a public-school house erected in accordance with public law." See *Brickerhoff v. Board of Education,* 60 Pa. St., 27; *Williams v. Controllers,* 18 Pa. St., 275; *Charnock v. Colfax,* 51 Iowa, 70; *Board of Education v. Neidenberger,* 78 Ill., 58; *Wilson v. Commissioners,* 7 Walls & Serg. (Pa.), 197; *Poillon v. Mayor,* 47 N. Y., 666. It cannot be supposed that the Legislature could intend in any case to subject one of its public corporations, organized as necessary to the proper administration of its governmental affairs, to the privation or loss of its buildings, so indispensably necessary for the public benefit and accommodation, and in which every individual of the community has a deep interest. It can make little or no practical difference whether it is done by the enforcement of a lien, by anything in the nature of an equitable proceeding, or directly by sale under execution. Phillips on Mech. Liens, sec. 179. If there is any difference, it would seem to be against the latter and in favor of the former proceedings, which would be less drastic and summary.

This Court held, in *Hildebrand v. Vanderbilt,* 147 N. C., 639, that where a lien is once acquired by a material man upon property, an action can afterwards be maintained personally against the owner thereof, even though the lien may have been lost by the laches of the material man in not bringing an action to enforce the lien within six months, allowed by the statute for that purpose. This question is not involved in this case, as here no ·lien was ever acquired, as we held in the former decision (150 N. C., 680) and now hold.

In any view we are permitted by the law to take of this case, the plaintiff has failed to show that he is entitled to a favorable

consideration of it by us. There was no error in the ruling of *Judge Justice.*

Affirmed.