CORA LANGLEY, MARY CREPPS, ALICE STAFFORD, EMSLEY PHIFER, AND G. E. BRYANT, EACH SUING INDIVIDUALLY AND AS TRUSTEES AND OFFICERS OF LOCAL 603, UNITED TEXTILE WORKERS OF AMERICA, A. F. OF L., AND AS REPRESENTATIVES OF ALL OTHER MEMBERS OF SAID LOCAL UNION AND OF THE UNITED TEXTILE WORKERS OF AMERICA, AND THE UNITED TEXTILE WORKERS OF AMERICA, A. F. OF L., v. LAWRENCE GORE AND ELSA HOGAN.

(Filed 25 May, 1955.)

**1. Appeal and Error § 3—**

Only the party aggrieved by the judgment may appeal therefrom to the Supreme Court. G.S. 1-271.

**2. Same: Appeal and Error § 1—**

Order was issued that funds in the custody of the court be turned over to plaintiffs. Defendants appealed therefrom on the ground that plaintiffs are not entitled to the funds, but defendants did not claim the funds personally, and failed to show in the record that they have any interest in or claim to the funds. *Held:* Defendants are not the parties aggrieved by the judgment, and their appeal therefrom is dismissed by the Supreme Court *ex mero motu* for want of jurisdiction.

APPEAL by defendants from *Clarkson, J.,* at 8 November, 1954 Regular Civil Term, of RICHMOND.

Civil action instituted 12 January, 1954, to restrain defendants, and all others acting in concert with them (1) "from withholding from plaintiffs access to and the possession and use of said Union Hall, and the key thereto, the books, records and possessions of Local Union 603, mentioned herein . . . and the monies received from Aleo Manufacturing Company as dues as mentioned in the complaint"; and (2) "from in any manner interfering with plaintiffs (a) in their use of the properties and facilities mentioned above" and (b) "in their management of the business and affairs of Local 603, including the administration of the current collective bargaining contract with the Aleo Manufacturing Company, and the handling and settling of collective bargaining grievances and disputes with said company." (Numbering supplied.)

In the summons defendants are named as individuals, and in the complaint they are named individually and referred to as former officers of the "local union."

A temporary restraining order was issued 13 January, 1954 returnable 1 February, 1954, before Patton, Judge presiding, who, on hearing pursuant thereto signed an order 12 February, 1954, continuing in substance the temporary order against defendants, and ordering that plaintiffs shall not dissipate or dispose of any of the real or personal property mentioned in the complaint, and shall deposit with the Clerk of Superior Court of Richmond County certain funds payable by Aleo Manu-

facturing Company to plaintiffs or to Local 603 UTWA AFL pursuant to collective bargaining contract and the check-off clause therein, etc.

Thereafter at 1 November, 1954 Civil Term of Superior Court of Scotland County, plaintiffs "indicated their desire, and moved to take a voluntary nonsuit, upon the grounds that the issues in the cause had been rendered moot through final determination in other legal proceedings binding upon the parties," and thereupon the motion was allowed "as to the plaintiffs' main cause of action," reciting that "it appearing that there are outstanding orders of court in this cause, same are hereby retained *in fieri,* until further order of this court."

And thereupon plaintiffs filed a motion that all funds "held by the court in this cause pursuant to order of February 12, 1954, be turned over to and released to Local 603, United Textile Workers of America, AFL," and the court, upon facts found, made an order in this respect, to which defendants object and except and appeal to Supreme Court and assign error.

*Cahoon & Alston for plaintiffs, appellees.*
*Wm. H. Abernathy for defendants, appellants.*

WINBORNE, J.   This appeal is directed solely to the judgment of the court below in respect to disposition of the fund of money in the hands of the Clerk of Superior Court. But there is nothing in the record to show that defendants have any interest in, or claim to it. Indeed, defendants say in their brief, filed on this appeal, that they "did not claim the fund as theirs personally." They assert, however, reasons why they think plaintiffs are not entitled to the fund. Nevertheless, they are not the parties aggrieved.

Any party aggrieved may appeal in the cases prescribed in Chapter 1 of General Statutes entitled "Civil Procedure." G.S. 1-271. And this Court, in interpreting and applying this statute, has uniformly held that only the party aggrieved may appeal from the Superior Court to the Supreme Court. See *Watkins v. Grier,* 224 N.C. 339, 30 S.E. 2d 223, and numerous other cases.

Therefore, we are constrained to hold that by this appeal this Court has not acquired jurisdiction of any matter to which the action or proceeding may relate. Such being the case, the Court is impelled *ex mero motu* to dismiss the appeal for want of jurisdiction. See *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136, where prior cases are cited. See also *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757, and cases cited.

Appeal dismissed.