NEWBERRY METAL MASTERS FABRICATORS, INC. v. MITEK INDUSTRIES, INC., AS SUCCESSOR-IN-INTEREST TO GANG-NAIL SYSTEMS, INC.; DURAND-RAUTE CORPORATION AND INDUSTRIAL MILL INSTALLATIONS, INC.

No. 114PA92

(Filed 8 January 1993)

**Liens § 26 (NCI4th)— action to perfect lien—voluntary dismissal— right to refile action**

Plaintiff subcontractor's voluntary dismissal of its action to perfect a lien did not discharge the lien under N.C.G.S. § 44A-16(4) in light of the requirement of the statute that a judgment must be filed to discharge a lien, and plaintiff could refile its action to perfect the lien pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) within one year after the voluntary dismissal was taken.

**Am Jur 2d, Mechanics' Liens § 315.**

On discretionary review of an unpublished decision of the Court of Appeals, 105 N.C. App. 445, 414 S.E.2d 108 (1992), reversing an order for summary judgment in favor of defendants Mitek Industries, Inc. and Durand-Raute Corporation entered by Phillips, J., in Superior Court, New Hanover County on 11 July 1990. Heard in the Supreme Court 5 October 1992.

This case involves the perfecting of a lien on funds the plaintiff alleges are due from Mitek Industries, Inc. and Durand-Raute Corporation to Industrial Mill Installations, Inc., as well as the perfecting of a lien on the interest Mitek has in certain real property in New Hanover County. The plaintiff filed a notice of a claim of lien and a claim of lien on 2 August 1985. In December 1985, the plaintiff filed an action to perfect its liens. The plaintiff alleged that it was a second tier subcontractor, that Durand-Raute Corporation was the contractor and Industrial Mill Installations, Inc. was the first tier subcontractor on the project. On 30 November 1987, the plaintiff took a voluntary dismissal without prejudice of its action to perfect the liens. On 29 November 1988, the plaintiff refiled its action to perfect the liens.

On 11 July 1990, the superior court allowed a motion for summary judgment by defendants Mitek and Durand-Raute. The Court of Appeals reversed the order for summary judgment.

We allowed petitions for discretionary review.

*Kenneth A. Shanklin and John G. Rhyne for plaintiff appellee.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Michael Murchison, for defendants appellants.*

WEBB, Justice.

The question posed by this appeal is whether a party may refile an action to perfect a lien after taking a voluntary dismissal without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1). This rule, by its plain words, provides that "a new action based on the same claim may be commenced within one year after such dismissal[.]" *See Danielson v. Cummings*, 300 N.C. 175, 265 S.E.2d 161 (1980). If the plaintiff is barred from pursuing its action to perfect the liens, it would not be under Rule 41(a)(1) but under Article 2 of Chapter 44A of the General Statutes dealing with statutory liens on real property.

N.C.G.S. § 44A-16 governs the discharge of liens. There is nothing in this section which says a lien is discharged by the taking of a voluntary dismissal without prejudice pursuant to Rule 41(a)(1). The appellants contend that the liens were discharged under N.C.G.S. § 44A-16(4) which says a lien is discharged:

> By filing in the office of the clerk of superior court the original or certified copy of a judgment or decree of a court of competent jurisdiction showing that the action by the claimant to enforce the lien has been dismissed or finally determined adversely to the claimant.

This subsection requires that a judgment be filed showing that the action to perfect a lien has been dismissed or otherwise decided adversely to the lien claimant in order to discharge the lien. The appellants concede that a voluntary dismissal is not a judgment. They say, relying on *Carter v. Clowers*, 102 N.C. App. 247, 401 S.E.2d 662 (1991) and *Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814, *cert. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984), that voluntary dismissals under Rule 41(a)(1) "have many of the earmarks of traditional judgments" and we should so treat the dismissal in this case. In *Carter*, the Court of Appeals held that a voluntary dismissal under Rule 41(a)(1) could be amended pursuant to N.C.G.S. § 1A-1, Rule 60(b). In *Ward*, the Court of Appeals held that after a party has taken a voluntary dismissal he may be taxed with the costs

under N.C.G.S. § 1A-1, Rule 41(d). It is said in both these cases that a voluntary dismissal is not a judgment. In light of the requirement of N.C.G.S. § 44A-16(4) that a judgment must be filed to discharge a lien, we do not believe we should hold that a lien may be cancelled by taking a voluntary dismissal without prejudice.

The appellants argue further that N.C.G.S. § 44A-16(4) includes a voluntary dismissal because an involuntary dismissal constitutes an adverse judgment by a court which would be a judgment of a court. The appellants say there was no need to put the word "dismissal" in this part of the statute if the General Assembly had not intended it to include voluntary dismissals. The statute says there must be a judgment or decree showing that the action to enforce the lien has been dismissed. In this case, there is no judgment or decree. The liens have not been dismissed.

The appellants make a persuasive argument that in order to insure the stability of titles to real property we should hold that the liens in this case have been discharged. This argument should be addressed to the General Assembly. We are bound by the statutes.

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals.

AFFIRMED.