GAINES AND COMPANY, INC., Plaintiff v. WENDELL FALLS RESIDENTIAL, LLC, WAKE COUNTY, A SUBDIVISION OF THE STATE OF NORTH CAROLINA, AND WAKE COUNTY BOARD OF EDUCATION, Defendants

No. COA10-760

(Filed 21 June 2011)

### 1. Appeal and Error— aggrieved party on appeal—subsequent summary judgment

An appeal by Wake County from the denial of its motions to dismiss plaintiff's claims was itself dismissed where Wake County was subsequently granted summary judgment. Wake County was not an aggrieved party on appeal.

### 2. Liens— materialman's—work after sale and lien waiver—no contract with county

Plaintiff could not enforce a materialman's lien against Wake County where it had begun the work while the property was owned by a developer, a portion of the property was sold to Wake County, there was no contractual relationship between plaintiff and Wake County, and plaintiff sought to enforce a lien for work that was done after the conveyance and accompanying lien waiver. Plaintiff could not enforce the lien without a contractual relationship with Wake County.

Appeal by plaintiff from judgment entered 18 February 2010 by Judge Donald W. Stephens in Wake County Superior Court. Appeal by defendant from order entered 11 September 2009 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 14 December 2010.

GAINES & Co., INC. v. WENDELL FALLS RESIDENTIAL, LLC

[212 N.C. App. 606 (2011)]

*Everett Gaskins & Hancock, LLP, by E.D. Gaskins, Jr., and The Wooten Law Firm, by Louis E. Wooten, III, for plaintiff-appellant.*

*Office of the Wake County Attorney, by Scott W. Warren and Mary Elizabeth Smerko, for Wake County.*

BRYANT, Judge.

Because Gaines and Company, Inc., (Gaines) waived its materialmen lien rights prior to a conveyance of real property to Wake County, did not allege a contractual relationship between it and Wake County for work performed after the conveyance and, because materialmen liens on public bodies and buildings are prohibited by statute, Gaines may not enforce a lien on Wake County property. We therefore affirm the 18 February 2010 order granting summary judgment to Wake County. We dismiss Wake County's appeal.

Wendell Falls Development, LLC, (Wendell Falls Development) and Wendell Falls Residential, LLC, (Wendell Falls Residential) were engaged in the development of a 4,000 unit residential subdivision on over 920 acres in Marks Creek Township, Wake County. The acreage was divided into four tracts. On 25 May 2007, Gaines entered into a contract with Wendell Falls Residential to install a 900 gpm wastewater pump station and a 10" DIP forced main to be located on each of the tracts (the Pump Station and Forced Main Contract). On the same day, Gaines also entered into a contract with Wendell Falls Residential for the installation of a gravity sewer outfall to be located on the same property as part of the same project (the Sewer Outfall Contract).

Gaines provided labor and materials for the Pump Station and Forced Main Contract beginning 29 May 2007 until 22 November 2008. Gaines provided labor and materials for the Sewer Outfall Contract from 5 June 2007 to 21 November 2008. Before the trial court, Wendell Falls stipulated that Gaines performed its work in accordance with the terms of the contracts.

Prior to 7 June 2007, Wendell Falls entered into discussions to sell a portion of the property under development to Wake County. Wake County made known throughout the closing process that it would require a lien waiver to close on the property. On 1 June 2007, Gaines signed an Owner/Seller/Contractor Affidavit and Indemnification which waived and released his right to file a mechanics' or materialmen's lien against the property for work done in the prior 120 days. On 7 June 2007, Wendell Falls transferred a 125 acre land parcel, known as Tract 1, to Wake County for $3,020,000.00; however, the property was

taken subject to an easement which allowed Gaines to complete work on the sewer improvements. Wake County did not procure title insurance or any other type of insurance for the closing on the property. Gaines continued to work to meet the terms of the Pump Station and Forced Main Contract and the Sewer Outfall Contract with Wendell Falls Residential; however, later, Wendell Falls Residential defaulted on its contractual obligations.

On 19 March 2009, within 120 days of the last day materials or labor were furnished for the entire project, Gaines filed a claim of lien on real property for Tracts 1, 2, 3, and 4. On 24 March 2009, within 180 days of the last day materials or labor were furnished, Gaines filed a complaint against Wendell Falls Development, LLC, Wendell Falls Residential, LLC, Wake County, and Roy Eugene Richardson—a record owner of a portion of the property Gaines claimed was subject to liens. Gaines claimed to be owed a principal amount of $120,183.96 under the Pump Station and Forced Main Contract and $281,678.82 under the Gravity Sewer Outfall Contract. On 14 July 2009, Gaines voluntarily dismissed defendants Wendell Falls Residential and Roy Richardson. The complaint was later amended to include defendants Wendell Falls Development, Wake County, and Wake County Board of Education, which was also claimed to be a legal or beneficial owner of a portion of the property subject to lien claims. Gaines sought recovery on grounds of breach of contract, quantum meruit and quantum valebant, and enforcement of lien on real property.

On 24 August 2009 and 3 September 2009, the Wake County Board of Education and Wake County, respectively, filed motions to dismiss Gaines' claims against them. Wake County presented defenses under Rule 12(b)(6)—failure to state a claim upon which relief can be granted; 12(b)(7)—failure to join a necessary party; lien waiver; estoppel; void lien; and sovereign immunity. On 11 September 2009, Wake County Superior Court Judge Abraham Penn Jones entered an order denying the motions to dismiss from Wake County and Wake County Board of Education. From this order Wake County appeals.

Along with its motion to dismiss, Wake County answered Gaines' complaint and filed a counterclaim for declaratory judgment seeking a declaration that Gaines lacked the required statutory authority necessary to enforce a statutory lien against public property. On 3 February 2010, Wake County filed a motion for summary judgment. A hearing was held in Wake County Superior Court on 16 February 2010, and on 18 February 2010, after reviewing the pertinent documents and considering the arguments of counsel, Judge Donald

GAINES & Co., INC. v. WENDELL FALLS RESIDENTIAL, LLC

[212 N.C. App. 606 (2011)]

Stephens found there existed no genuine issues of material fact and concluded that Wake County was entitled to judgment on all remaining claims as a matter of law. Summary judgment was entered in favor of Wake County.

On 4 May 2010, Gaines entered notice of voluntary dismissal with prejudice as to Wake County Board of Education. On 6 May 2010, Gaines appealed from the 18 February 2010 order granting Wake County's motion for summary judgment noting that, with the dismissal of all claims against Wake County Board of Education, all claims among all parties were resolved and the 18 February order granting summary judgment in favor of Wake County became the final judgment as to all remaining claims and parties.

---

On appeal from the order entered 11 September 2009 denying its motion to dismiss Gaines' claims, Wake County raises the following questions: did the trial court err in failing to grant Wake County's motion pursuant to Rule 12(b)(6) where Gaines (I) seeks to enforce a lien against a public body; and (II) failed to allege a waiver of sovereign immunity.

On appeal from the 18 February 2010 summary judgment order, Gaines raises the following questions: Did the trial court properly grant Wake County summary judgment based on (III) the Doctrine of Waiver, (IV) the Doctrine of Release, (V) the Doctrine of Estoppel, or (VI) sovereign immunity; and further, (VII) was Gaines entitled to partial summary judgment.

*Wake County's Appeal*

*I and II*

[1] First, we consider Wake County's appeal from the trial court order entered 11 September 2009 denying Wake County's motion to dismiss Gaines' claims.

Under North Carolina General Statutes, section, 1-271, "[a]ny party aggrieved may appeal in the cases prescribed in this Chapter."

Only a "party aggrieved" may appeal from the superior court . . . . G. S. 1-271; *Langley v. Gore*, 242 N.C. 302, 87 S.E. 2d 519. "(A) 'party aggrieved' is one whose right has been directly and injuriously affected by the action of the court." McIntosh, North Carolina Practice and Procedure, § 675; *Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434.

*Waldron Buick Co. v. General Motors Corp.*, 251 N.C. 201, 205, 110 S.E.2d 870, 874 (1959). "Where a party is not aggrieved by the judicial order entered . . . his appeal will be dismissed." *Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) (citing G.S. 1-271; G.S. 1-277; *Coburn v. Timber Corp.* 260 N.C. 173, 132 S.E.2d 340); *see also McInerney v. Pinehurst Area Realty, Inc.*, 162 N.C. App. 285, 590 S.E.2d 313 (2004) (holding the defendant's appeal was dismissed where the party appealed from an order dismissing the plaintiff's case).

Here, Wake County appeals from an 11 September 2009 order denying its motion to dismiss Gaines' claims; however, on 18 February 2010, the trial court entered an order concluding that Wake County was entitled to summary judgment on all claims against it. Having prevailed before the trial court, Wake County is not an aggrieved party on appeal. *See Waldron Buick Co.*, 251 N.C. at 205, 110 S.E.2d at 874. Accordingly, Wake County's appeal is dismissed.

### Gaines' Appeal

### III, IV, and V

[2]   Gaines argues that the trial court erred in granting Wake County summary judgment because Gaines neither expressly nor implicitly waived its materialmen lien rights, which Wake County should have understood, and did not release its materialmen lien rights to the property conveyed to Wake County. Also, Gaines contends that the trial court erred in granting Wake County summary judgment on the ground that Gaines was estopped from asserting a materialmen's lien on the property by virtue of the lien affidavit. We disagree.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "We review a trial court's grant of a motion for summary judgment *de novo*." *Jones v. Miles*, 189 N.C. App. 289, 292, 658 S.E.2d 23, 26 (2008) (citing *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007)).

"The materialman's lien statute is remedial in that it seeks to protect the interests of those who supply labor and materials that improve the value of the owner's property." *Carolina Bldg. Servs.' Windows & Doors, Inc. v. Boardwalk, LLC*, 362 N.C. 262, 264, 658

S.E.2d 924, 926 (2008) (quoting *O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 268, 624 S.E.2d 345, 348 (2006)).

> "[T]he statutory lien is incident to and security for a debt." *Eason v. Dew*, 244 N.C. 571, 574, 94 S.E. 2d 603, 606 (1956). "A laborers' and materialmen's lien arises out of the relationship of debtor and creditor, and it is for the debt that the lien is created by statute. Without a contract the lien does not exist." *Clark v. Morris*, 2 N.C. App. 388, 391, 162 S.E. 2d 873, 874 (1968) (quoting *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828 (1954).

*Lowe's v. Quigley*, 46 N.C. App. 770, 772, 266 S.E.2d 378, 379.(1980).

Under North Carolina General Statutes, Article 2—Statutory Liens on Real Property,

> [a]ny person who performs or furnishes labor or professional design or surveying services or furnishes materials or furnishes rental equipment pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall . . . have a right to file a claim of lien on real property on the real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to the contract.

N.C. Gen. Stat. § 44A-8 (2009). Where the lien claimant does not deal directly with the owner of the property, the claimant may file a claim of lien on real property pursuant to N.C.G.S. § 44A-23. *See* N.C.G.S. § 44A-23 (2009) (Contractor's claim of lien on real property); *Watson Elec. Constr. Co. v. Summit Cos., LLC*, 160 N.C. App. 647, 587 S.E.2d 87 (2003). And, under N.C.G.S. § 44A-23, "the owner's property is subject to sale in a lien enforcement . . . ." *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 659, 403 S.E.2d 291, 296 (1991). "A claim of lien on real property granted by this Article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property." N.C.G.S. § 44A-10 (2009). However, Article 2 of Chapter 44A does not apply to public bodies or public buildings. N.C.G.S § 44A-34 (2009); *see also Morganton Hardware Co. v. Morganton Graded Sch.*, 151 N.C. 489, 493, 151 N.C. 507, 512, 66 S.E. 583, 585 (1909) ("Property which is exempt from seizure and sale under an execution, upon grounds of public necessity, must for the same reason be equally exempt from the operation of the mechanic's [or material-

men's] lien law, unless it appears by the law itself that property of this description was meant to be included . . . . Therefore, under an ordinary statute, a lien cannot be acquired for work done or materials furnished towards the erection of a public-school house . . . .").

Prior to 7 June 2007, Wendell Falls entered into discussions with Wake County to transfer a parcel of real property from the 920 acre development in Marks Creek Township. Wake County made known that it would require a lien waiver to close on the property. On 1 June 2007, Gaines signed an Owner/Seller/Contractor Affidavit and Indemnification.

> The undersigned, Wendell Falls Development, LLC "Owner", and Gaines and Company, Inc., hereinafter "General Contractor", being first duly sworn, depose and say:
>
> . . .
>
> 3. As to mechanics' and materialmen's liens:
>
>> Bills Unpaid for Improvements/Repairs (work or materials) Completed Within Last 120 Days
>>
>> Owner and General Contractor (if any) hereby certify that any work, service, or labor which has been done, or any fixture, apparatus or material which has been furnished in connection with, or to, the property has been paid in full EXCEPT those furnished by persons, firms, or corporations whose names appear on the WAIVER OF LIENS or SUBORDINATION OF LIENS section of this affidavit and indemnification. General Contractor (if any) hereby waives and releases his right to file a mechanics' or materialmen's lien against the Property.

On 7 June 2007, Wendell Falls transferred Tract 1, a 125 acre land parcel, to Wake County for $3,020,000.00. Meanwhile, Gaines continued to work to meet the terms of the Pump Station and Forced Main Contract and the Sewer Outfall Contract that still existed with Wendell Falls Residential. Pursuant to a sewer easement, Gaines was allowed to continue work on Tract 1 and later testified that the sewer outflow work was primarily on the acreage conveyed to Wake County. Wendell Falls defaulted on its contractual obligations, and, on 19 March 2009, Gaines filed a claim of lien on all real property in the Wendell Falls development, including the tract conveyed to Wake County—Tract 1. On 24 March 2009, Gaines filed a complaint alleging that Wendell Falls breached its contracts and that Wendell Falls was

liable to Gaines for the value of its labor and materials under theories of quantum meruit and quantum valebant. For these reasons, it was requested "that judgment be awarded to Gaines declaring a lien in favor of Gaines on the Property . . . [and] that the Property be sold in accordance with North Carolina General Statutes and the proceeds of such sale be applied against and/or in satisfaction of the judgment and lien recovered by Gaines hereunder[.]"

In anticipation of the conveyance of Tract 1 from Wendell Falls to Wake County, Gaines executed a waiver of its materialmen's lien rights within the Wendell Falls development. Now it seeks to enforce a lien on the property for work performed after the lien waiver was signed and after the property was conveyed to Wake County; however, Gaines does not allege a contractual relationship between Gaines and Wake County.[1] Absent such a relationship, Gaines cannot enforce a lien on Wake County real property. *See Lowe's*, 46 N.C. App. at 772, 266 S.E.2d at 379 ("Without a contract the lien does not exist."). Moreover, pursuant to N.C.G.S. § 44A-34, liens established under Article 2 of Chapter 44A are inapplicable to public bodies or public buildings. N.C.G.S. § 44A-34; *see also Morganton Hardware Co.*, 151 N.C. at 493, 151 N.C. at 512, 66 S.E. at 585 ("Property which is exempt from seizure and sale under an execution, upon grounds of public necessity, must for the same reason be equally exempt from the operation of the mechanic's [or materialmen's] lien law, unless it appears by the law itself that property of this description was meant to be included . . . . Therefore, under an ordinary statute, a lien cannot be acquired for work done or materials furnished towards the erection of a public-school house . . . ."). Therefore, because there was no contractual relationship between Gaines and Wake County, Gaines cannot enforce a lien on Tract 1, the real property conveyed to Wake County. Accordingly, Gaines' arguments premised upon enforcing a lien on property conveyed to Wake County are overruled.

## VI and VII

Next, Gaines argues that the trial court erred by granting summary judgment in favor of Wake County on the basis of sovereign immunity, and, further, Gaines contends that it is entitled to partial summary judgment because Wake County cannot establish essential

---

1. On 19 March 2007, Gaines filed two claims of lien on real property (09M2610, 09M2611) in relation to the two contracts for the installation of the pump station, forced main, and the gravity sewer outfall. As to each claim, Gaines indicated that it "contracted with Wendell Falls Residential, LLC" for the furnishing of labor or materials.

elements of its affirmative defenses. Because of our holding on issues III, IV, and V, *supra,* we need not address these arguments.

Affirmed.

Judges STROUD and BEASLEY concur.