NO. COA13-1419

NORTH CAROLINA COURT OF APPEALS

Filed:  20 May 2014

HUTTIG BUILDING PRODUCTS, INC.,
     Plaintiff

     v.                                    Wake County
                                           No. 12 CVD 1235
ANGUS ALLAN MCDONALD, JR.,
     Defendant


Appeal by defendant from order entered 13 August 2013 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 7 April 2014.


> *Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP, by Gerald H. Groon, Jr., for plaintiff-appellee.*
>
> *Robbins May & Rich, LLP, by P. Wayne Robbins and Neil T. Oakley, for defendant-appellant.*


CALABRIA, Judge.


Angus Allan McDonald, Jr. ("defendant") appeals from the trial court's order which required Branch Banking and Trust Company ("BB&T") to release funds from defendant's joint bank accounts to Huttig Building Products, Inc. ("plaintiff").  We dismiss the appeal.

On 10 May 2012, the Wake County District Court entered a judgment in favor of plaintiff against defendant in the amount

of $31,985.58 plus interest and attorney's fees.  On 5 November 2012, plaintiff filed a motion with the Wake County Clerk of Superior Court ("the Clerk") seeking, *inter alia*, an order compelling BB&T to turn over any funds in its possession that belonged to defendant to plaintiff's counsel to be applied to the judgment.  On 8 January 2013, the Clerk entered an order directing BB&T to release $9,089.69 from defendant's various accounts with BB&T to plaintiff, by and through its attorneys.

Defendant appealed the Clerk's order to the Wake County Superior Court.  After a hearing, the trial court entered an order directing BB&T to release the $9,089.60 in defendant's accounts to plaintiff, by and through its attorneys.  Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by ordering BB&T to release all of the funds from four BB&T accounts that defendant held jointly with other family members.  Defendant contends that he "has no interest in the BB&T accounts because [defendant]'s elderly mother and teenaged children contributed all of the funds to the BB&T accounts."

However, we are unable to consider defendant's argument because  "only a 'party aggrieved' may appeal a trial court order or judgment, and such a party is one whose rights have

been directly or injuriously affected by the action of the court." *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). If, as defendant has admitted, he has no interest in the challenged funds, defendant likewise has no interest which would allow him to appeal the trial court's order. Defendant's rights were not directly or injuriously affected when the trial court directed the BB&T funds, which defendant acknowledges he did not own, to be turned over to plaintiff. Thus, he will receive no benefit from a reversal of the trial court's order. Instead, the funds at issue would be restored to a nonparty[1] and defendant would remain liable to plaintiff for the portion of his prior judgment that the BB&T funds were intended to satisfy.

In *Langley v. Gore*, 242 N.C. 302, 87 S.E.2d 519 (1955), the appeal was "directed solely to the judgment of the court below in respect to disposition of the fund of money in the hands of the Clerk of Superior Court." *Id*. at 303, 87 S.E.2d at 520. The Court concluded that the defendant-appellants were not a party aggrieved because there was

> nothing in the record to show that
> defendants have any interest in, or claim to

---

[1] None of the individuals that defendant identified as the true owners of the funds in the shared joint accounts at issue attempted to intervene in the instant case. Additionally, neither party made a motion to join these joint account holders as necessary parties.

> [the funds at issue]. Indeed, defendants say in their brief, filed on this appeal, that they "did not claim the fund as theirs personally." They assert, however, reasons why they think plaintiffs are not entitled to the fund.

*Id.* Consequently, the *Langley* Court dismissed the appeal *ex mero motu*.

In the instant case, defendant, like the defendants in *Langley*, expressly disclaims any interest in the funds at issue in this appeal and instead "assert[s] . . . reasons why [he] think[s] plaintiff[ is] not entitled to the fund." *Id.* Thus, we are bound by *Langley* to conclude that defendant is not a party aggrieved by the trial court's order. Accordingly, we lack jurisdiction to consider defendant's challenges to the court's order and must dismiss defendant's appeal. *See Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) (per curiam) ("Where a party is not aggrieved by the judicial order entered . . . his appeal will be dismissed.").

Dismissed.

Chief Judge MARTIN and Judge McGEE concur.