IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-978

Filed 4 June 2024

Nash County, No. 21 CVS 1617

RM CONTRACTORS, LLC, Plaintiff,

v.

SANDRA L. WIGGINS, Defendant.

Appeal by Plaintiff from order entered 18 July 2023 by Judge Brenda G. Branch in Nash County Superior Court. Heard in the Court of Appeals 21 February 2024.

*Battle, Winslow, Scott & Wiley, PA, by M. Greg Crumpler & W. Dudley Whitley, III, for Plaintiff-Appellant.*

*Everette, Womble & Lawrence, by Harry Lorello, for Defendant-Appellee.*

CARPENTER, Judge.

RM Contractors, LLC ("Plaintiff") appeals from the trial court's order (the "Order") granting partial summary judgment to Sandra L. Wiggins ("Defendant"). On appeal, Plaintiff argues that the trial court erred by granting Defendant partial summary judgment, striking Plaintiff's claim of lien. After careful review, we agree with Plaintiff and reverse the trial court's partial grant of summary judgment.

## I. Factual & Procedural Background

In the summer of 2020, Plaintiff contracted to build a home (the "Home") for Defendant. On 13 October 2021, Plaintiff sued Defendant for breach of contract,

quantum meruit, fraud, and to enforce a claim of lien on the Home.

On 6 April 2023, Defendant filed a motion for summary judgment. The trial court heard Defendant's motion on 17 April 2023, and evidence there tended to show the following. Plaintiff began working on the Home in August 2020 and last worked on the Home on 25 April 2021. Defendant paid Plaintiff a total of $179,750, but Plaintiff claimed that Defendant still owes at least $54,800. On 9 August 2021, Plaintiff filed a claim of lien on the Home to secure $54,800.

Defendant claimed she did not owe Plaintiff any money because she incurred costs to amend and complete Plaintiff's work, and her costs exceeded $54,800. And regardless of her costs, Defendant claimed that Plaintiff provided no documentation to support its $54,800 claim of lien. The parties submitted competing affidavits, each blaming the other for delays and increased construction costs.

On 18 July 2023, the trial court entered the Order, stating that "[w]hat we have at this point is each party contesting what the other is owed based on breach of contract, which is a disputed issue reserved for trial." Nonetheless, the trial court granted Defendant partial summary judgment, striking Plaintiff's claim of lien. On 31 July 2023, Plaintiff filed written notice of appeal from the Order. On 21 November 2023, Plaintiff filed a petition for writ of certiorari ("PWC").

## II.  Jurisdiction

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736

(1990). "An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Cap., L.C.*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing *Veazey v. City of Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Orders granting partial summary judgment are interlocutory. *Country Boys Auction & Realty Co. v. Carolina Warehouse, Inc.*, 180 N.C. App. 141, 144, 636 S.E.2d 309, 312 (2006).

There are, however, exceptions to the general rule prohibiting us from hearing appeals from interlocutory orders. *See* N.C. Gen. Stat. § 7A-27(b)(3) (2023). One exception is the substantial-right exception, which allows us to review an interlocutory order if the order affects a "substantial right." *See id.* "An interlocutory order affects a substantial right if the order deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Suarez v. Am. Ramp Co.*, 266 N.C. App. 604, 608, 831 S.E.2d 885, 889 (2019) (*purgandum*).

In order "[t]o confer appellate jurisdiction based on a substantial right, 'the appellant must include in its opening brief, in the statement of the grounds for appellate review, sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Doe v. City of Charlotte*, 273 N.C. App. 10, 21, 848 S.E.2d 1, 9 (2020) (quoting *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019)); N.C. R. App. P. 28(b)(4) ("When an appeal is interlocutory, the statement must contain sufficient facts and argument to

support appellate review on the ground that the challenged order affects a substantial right."). Accordingly, "if the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction." *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438.

Here, the Order is interlocutory because it grants partial summary judgment. *See Country Boys Auction & Realty Co.,* 180 N.C. App. at 144, 636 S.E.2d at 312. But Plaintiff argues that we have jurisdiction via the substantial-right exception. Specifically, Plaintiff argues this case "clearly implicates a substantial right" because the trial court struck its claim of lien. Plaintiff asserts that because the Order strikes its claim of lien, it "is left with no ability to protect its interest against future purchasers or mortgagees of the property." We agree.

A lien secures the payment of a debt. *Morganton Hardware Co. v. Morganton Graded Schs.*, 151 N.C. 507, 509, 66 S.E. 583, 584 (1909). Some liens are provided by statute. *See, e.g.*, N.C. Gen. Stat. § 44A-8 (2023). Plaintiff filed its claim of lien under section 44A-8, which states:

> Any person who performs or furnishes labor or professional design or surveying services or furnishes materials or furnishes rental equipment pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a right to file a claim of lien on real property on the real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to the contract.

*Id.*

In other words, section 44A-8 entitles Plaintiff to a lien on the Home if, pursuant to a valid contract, Plaintiff worked on the Home, and Defendant failed to pay Plaintiff for its work. *See id.* This lien is commonly called a materialman's lien. *See Rural Plumbing & Heating, Inc. v. Hope Dale Realty, Inc.*, 263 N.C. 641, 653, 140 S.E.2d 330, 339 (1965).

A materialman's lien must be perfected before it can be enforced. *See Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 667, 242 S.E.2d 785, 789 (1978). The lien is perfected by filing a "claim of lien" and serving a copy of the claim of lien on the property owner. *See* N.C. Gen. Stat. § 44A-11(a). A claim of lien is a legal document "prepared to enforce the claimant's statutory lien rights." *N.C. State Bar v. Lienguard, Inc.*, No. 11 CVS 7288, 2014 NCBC LEXIS 11, at *25 (N.C. Super. Ct. Apr. 4, 2014) (citing *Embree Constr. Grp. v. Rafcor, Inc.*, 330 N.C. 487, 492, 411 S.E.2d 916, 921 (1992)). The claim of lien "must be filed in the office of the clerk of superior court in each county where the real property subject to the claim of lien on real property is located." N.C. Gen. Stat. § 44A-12(a).

Filing, and thus perfecting, a claim of lien establishes the "priority" of the lien. Lien priority is "a creditor's right to have a claim paid before other creditors of the same debtor receive payments." *Priority*, BLACK'S LAW DICTIONARY (11th ed. 2019). A properly perfected materialman's lien has "priority over all other interests or claims theretofore or thereafter created or suffered . . . ." N.C. Gen. Stat. § 44A-22. Put

differently, the materialman gets paid first. *See id.*; *Rural Plumbing & Heating, Inc.*, 263 N.C. at 653, 140 S.E.2d at 339 (stating that a materialman's lien "takes priority over all the property conveyances to purchasers for value and without notice subsequent to the time when labor and materials are furnished").

After a claim of lien is filed, however, it may be discharged for a number of reasons. *See* N.C. Gen. Stat. § 44A-16(a). For example, a claim may be discharged because the lien was not timely enforced, *id.* § 44A-16(a)(3), or because the lien was satisfied, *id.* § 44A-16(a)(1). Relevant here, a claim of lien may also be discharged by:

> filing in the office of the clerk of superior court the original or certified copy of a judgment or decree of a court of competent jurisdiction showing that the action by the claimant to enforce the claim of lien on real property has been dismissed or finally determined adversely to the claimant.

*Id.* § 44A-16(a)(4). "Typically, '[t]his subsection requires that a judgment be filed showing that the action to perfect a lien has been dismissed or otherwise decided adversely to the lien claimant in order to discharge the lien.'" *Pete Wall Plumbing Co. v. Sandra Anderson Builders, Inc.*, 215 N.C. App. 220, 226, 721 S.E.2d 663, 667 (2011) (alteration in original) (quoting *Newberry Metal Masters Fabricators, Inc. v. Mitek Indus., Inc.*, 333 N.C. 250, 251, 424 S.E.2d 383, 384 (1993)).

Here, the Order "struck" Plaintiff's claim of lien. The Order was therefore an adverse decision concerning Plaintiff's action to enforce the claim of lien. *See id.* at 226, 721 S.E.2d at 667. Accordingly, Defendant could use the Order to discharge

Plaintiff's claim of lien.  *See* N.C. Gen. Stat. § 44A-16(a)(4).

The relevant jurisdictional issue is whether the possibility of an erroneous discharge affects a substantial right.  *See Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438.  More precisely, the question before us is whether the possibility of an erroneous discharge affects Plaintiff's priority position, potentially causing that position to be "lost if the order is not reviewed before a final judgment is entered."  *See Suarez*, 266 N.C. App. at 608, 831 S.E.2d at 889.  We hold that it does.

For example, assume Plaintiff's lien is valid; the trial court erroneously struck the claim of lien.  In this example, if the Home is sold after Plaintiff's claim of lien is discharged, but before the error is corrected on appeal, Plaintiff will not have first priority in the sale proceeds.  So if we wait for a final judgment before reviewing the Order, we extend the possibility of the Home selling before appellate review—and we extend the possibility of Plaintiff wrongfully losing its statutorily granted priority position and thus, possibly losing sale proceeds to satisfy its statutory lien.

To limit the possibility of Plaintiff improperly losing its priority position, we conclude that the Order affects a substantial right.  *See id.* at 608, 831 S.E.2d at 889.  Accordingly, despite the interlocutory nature of the Order, we have jurisdiction over this appeal.  *See* N.C. Gen. Stat. § 7A-27(b)(3).  Because the Order is appealable, we dismiss Plaintiff's PWC as moot, and any further proceedings concerning Plaintiff's claim of lien were stayed as a matter of law because Plaintiff filed notice of appeal. *See Dalenko v. Peden Gen. Contractors, Inc.*, 197 N.C. App. 115, 121–22, 676 S.E.2d

625, 630 (2009) (citing N.C. Gen. Stat. § 1-294) ("When a party gives notice of appeal from an appealable order, the trial court is divested of jurisdiction and the related proceedings are stayed in the lower court.").

## III.    Analysis

We review summary-judgment rulings de novo. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Under a de novo review, this Court "considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). Concerning summary judgment, courts "must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). Indeed, "[s]ince this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Nat'l Mortg. Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

When summary judgment is granted on an issue, that issue is not tried: Receiving summary judgment has the same effect as winning at trial—but without

going to trial. *See id.* at 533, 180 S.E.2d at 829 ("The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue.").

As detailed above, Plaintiff filed its claim of lien under section 44A-8, which entitles Plaintiff to a lien on the Home if Plaintiff, pursuant to a valid contract, worked on the Home, and Defendant failed to pay Plaintiff for its work. *See* N.C. Gen. Stat. § 44A-8. Here, the parties do not dispute: (1) that Plaintiff contracted with Defendant to build the Home, (2) that Plaintiff worked on the Home, and (3) that Defendant, at least partially, paid Plaintiff for its work.

But a material question of fact remains. As the trial court put it: "What we have at this point is each party contesting what the other is owed based on breach of contract, which is a disputed issue reserved for trial." This issue—whether Plaintiff remains unpaid for work performed on the Home—is a material factual issue concerning the validity of Plaintiff's claim of lien. *See id.* In other words, if Defendant still owes Plaintiff for work performed on the Home, Plaintiff has "a right to file a claim of lien on [the Home]." *See id.* Therefore, the trial court erred in granting Defendant partial summary judgment by striking Plaintiff's claim of lien. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c).

## IV.  Conclusion

We hold that we have jurisdiction over this case because the Order affects a substantial right, and we reverse the trial court's partial grant of summary judgment because disputed material facts remain.

REVERSED.

Judges ARROWOOD and THOMPSON concur.